L. B. SKINNER, B. C. SKINNER and B. W. SKINNER, as members and constituting the Board of Directors of Skinner Machinery Company, a corporation, *Appellants*, v. M. J. HULSEY, Trustee in Bankruptcy for the Skinner Machinery Company, a corporation, *Appellee*.

138 So. 769.

Division B.

Opinion filed November 27, 1931.

714

*McKay, Withers & Ramsey,* and *Mabry, Reaves & Carlton,* of Tampa, for Appellants;

*Watson & Saussy,* of Tampa, for Appellee.

DAVIS, J.—This was a suit in equity in the nature of creditors bill brought by M. J. Hulsey, as Trustee in Bankruptcy for the Skinner Machinery Company. The defendants named in the bill, L. B. Skinner, B. C. Skinner and B. W. Skinner, were sued as directors of the bankrupt corporation. The object of the suit purports to be to recover in the name of the trustee in bankruptcy, for the benefit of the creditors of Skinner Machinery Company, the bankrupt, a personal decree against each of the defendant directors for whatever liability may be found to exist against them, or any or all of them, as directors, for losses, injuries, damages, conversions, neglect, fraud and mismanagement of the corporation before it was adjudicated bankrupt.

The predicate for the relief sought by the bill is the generally accepted doctrine of the American Courts that directors of a business corporation who wilfully abuse their trust, or misapply the funds of the corporation, or suffer the corporate property to be lost, or wasted, by *gross* negligence and inattention to their duties, may be held personally liable to make good the losses. Robinson v. Smith, 24 Am. Dec. 212; Percy v. Millandon, 3 La. 568; Beach v. Williamson, 78 Fla. 611, 83 Sou. Rep. 860; Horn Silver Mining Co. v. Ryan, 42 Min. 196, 44 N. W. 56; Besselein v. Brown, 2 A. L. R. 862, 97 S. E. 743; Gilberr v. Frisch, 76 N. Y. S. 455, 66 N. E. 133, 93 Am. St. Rep. 623, 61 L. R. A. 807.

The right of a trustee in bankruptcy to bring such a suit is grounded upon the assertion that any right of action which may have inured to the corporation as against its directors, is for the benefit of the stockholders or creditors, or both, of the bankrupt corporation, and that the

duty to bring such an action rests upon the trustee in bankruptcy under Section 75 of the Bankrupt Act as well as paragraph E of Section 107 of said Act. (U. S. C. A. Volume 11).

To state the case in a different way, the theory of complainant's bill is that the defendant, or some of them, have become liable to the corporation, Skinner Machinery Company, and through it to its stockholders and creditors, for losses alleged to have been sustained through the mismanagement, neglect and fraud of the directors and through misappropriation of the corporation's assets by its managing officer, B. C. Skinner. The remaining defendants as directors of the corporation are charged to have become liable to the corporation, and through it to its stockholders and creditors, for the losses alleged to have been sustained by the corporation because of their gross negligence in the performance of their duties as corporate directors.

The following cases are cited by the appellee and are relied on to support his contention that a suit of this kind may properly be brought by the trustee in bankruptcy. Bynum v. Scott, 217 Fed. 122; McEwen v. Kelly, 140 Ga. 720, 79 S. E. 777; Drew v. Myers, 81 Neb. 750, 116 N. W. 781, 17 L. R. A. (N. S.) 350. See also 7 C. J. 130.

In opposition to the foregoing, appellants state the rule to be that (In re: V. & M. Lumber Co. Inc., 122 Fed. 231):

"A trustee of a bankrupt corporation represents its creditors only, and not its stockholders."

and argue that because of this, no right of action exists in favor of the trustee in bankruptcy to enforce a right to redress for a wrong which, if committed at all, could only have been committed against the stockholders and not against its creditors.

The right to sue the directors for gross negligence and mismanagement of the corporate affairs, so it insists, is

ordinarily not such a right as pertains to creditors of the corporation, and therefore is not such a right as can be enforced by a trustee in bankruptcy who is only the representative of such creditors, and not the representative of the bankrupt or of its stockholders.

Therefore it is argued that whatever the rights in this case may be in favor of the corporation or its *stockholders* as such, to sue the directors for any neglect or mismanagement of the corporate affairs, that such right is one which inures exclusively to the corporation and to its stockholders, and does not pertain in any sense of law to the unsecured creditors of the corporation, or their representative,—the trustee in bankruptcy.

Charges of divers and sundry acts of misconduct alleged to have been committed by the defendants are specified and referred to in the bill, and the prayer is for an accounting and personal decrees against each of the directors.

These specifications may be summarized as consisting generally of the creation of an illegal stock trusteeship through which the directors were elected and functioned; diversion of corporate moneys from proper corporate channels through charges and entries made on the corporate books concerning the account of B. C. Skinner, which did not represent value received by the corporation and which were not genuine; failure to exercise reasonable and proper supervision over the business in line with their duties as directors; permitting negligent, careless and inaccurate bookkeeping and keeping the corporate records in such a careless way that money was allowed to be withdrawn from the corporate treasury for other than corporate purposes; negligent loss of a valuable contract the rights in which were owned by the corporation; launching in a business in competition with the corporation of which they were directors and using assets and moneys of the corporation in the promotion of the

competitive business; unauthorized use of the corporation's credit in negotiating a loan for B. C. Skinner, personally, and permitting B. C. Skinner, one of the directors, to operate, control and run the corporation largely, if not wholly, for his own personal ends.

The bill was demurred to generally and also specially to its several pertinent paragraphs. The demurrers were each overruled and the defendants assign such ruling as error on this appeal.

The rule seems to be that assignees for benefit of creditors and trustees in bankruptcy have the same rights as receivers in action against directors for negligence and breaches of trust to contest the validity of the acts of the bankrupt or impeach any transaction between the corporation and its creditors which the *creditors themselves might impeach.* 2 Thompson on Corporations (3rd Ed.) Section 1431, page 983, and cases cited.

But what are the rights of *creditors* against directors of corporations for negligence and breach of trust in the performance of their duties as corporate directors? In McEwen v. Kelly, 140 Ga. 720, 79 S. E. 777, which is the case most strongly relied upon by appellee to support his right of action here, it seems to have been held that under some circumstances *creditors* of the corporation may have a cause of action against its directors on account of losses occurring from their maladministration and ultimately resulting in injury to the rights of such creditors.

But since a trustee in bankruptcy, as has been pointed out, does not represent the bankrupt but represents the creditors only, it would seem to follow as a necessary consequence that while a trustee in bankruptcy may have a right to sue for damages resulting from a breach of duty on the part of corporation directors which breach of duty has resulted in some legal injury to the rights of the creditors of the corporation, that the right of such trustee

in bankruptcy is limited to such suit only as might have been maintained by the creditors themselves had no bankruptcy proceedings been had.

Those who accept the position of directors in a corporation impliedly undertake to exercise ordinary care and diligence in the discharge of the duties thus committed to them. Even where the active transaction of business of the corporation is committed to duly authorized officers this fact does not absolve the directors from the duty of reasonable supervision, and so it has been held generally by the courts that directors are liable for gross negligence or breach of duty resulting in injury. McEwen v. Kelly, *supra*. Some courts have gone so far as to declare that when one voluntarily takes the position of trustee or director of a corporation, good faith, exact justice and public policy unite in requiring of any such person a degree of care and prudence that it would constitute a gross breach of duty not to bestow them. Hun v. Carey, 82 N. Y. 65, 37 Am. Rep. 546.

There is also a distinction made where the corporation continues as a solvent concern, notwithstanding the neglect or mismanagement of its directors and a case where the directors through their mismanagement and neglect have occasioned the insolvency or bankruptcy of the corporation. Thus it has been said that in a solvent going concern directors are considered the agents or fiduciaries of the corporation, not of its creditors. Yet directors are not without duty to creditors. They cannot misappropriate the corporate money or assets or give them away so that creditors are prevented from collecting their debts, and under some circumstances a trust or *quasi* trust relationship on the part of the directors may exist toward creditors.

But in every case where the proposition has been asserted that directors are liable for negligence, or otherwise, it has been with the understanding that such lia-

bility is to such persons only as to whom they owed the duty of diligence when the default occurred. Wallace v. Bank, 89 Tenn. 630, 15 S. W. 448.

By reason of the peculiar relation they sustain to the corporation and to stockholders, directors may become liable either to the corporation or to the stockholders for a neglect or fraudulent breach of trust, but where liability to the *creditors* exists at all it is always upon the theory that the claim which has arisen against such negligent directors forms a part of the equitable assets of the corporation which may be reached by the creditors in a proper proceeding. See Thompson on Corp. (3rd Ed.) par. 1429, *et seq.*

There seems to be a generally recognized liability which sustains the recovery from directors of money or property of which the corporation has been defrauded by their acts. In such cases the right of recovery for money or property unlawfully appropriated is treated as an equitable asset of the corporation. A different kind of liability arises, however, where the ground of action is misfeasance or culpable neglect which results in the loss of some *advantage* to the corporation which it might otherwise have enjoyed. Allen v. Curtis, 26 Conn. 456.

It is generally said that directors are not liable to creditors for mere non-feasance, but only for mis-feasance. Zinn v. Mendell, 9 W. Va. 580; Cass v. Realty Securities Co., 148 N. Y. App. Div. 96, 132 N. Y. S. 1074. Directors are not liable to the creditors on the theory of their being fiduciaries. Fusz v. Spaunhorst, 67 Mo. 256. Directors are not personally liable to creditors for mismanagement or for waste of assets except upon proof of commission of actual fraud. Wilson v. Stevens, 127 Ala. 630, 29 Sou. Rep. 678, 87 Am. St. 86. Thus directors have been held liable to creditors as for breach of trust in case of wilful misappropriation or misapplication of the corporate assets by gross negligence whereby the corporate assets

were wasted, resulting in insolvency and in the inability of the corporation to pay its debts. Briggs v. Spaulding, 141 U. S. 132, 35 L. Ed. 662; Millsap v. Chapman, 76 Miss. 942, 26 Sou. Rep. 369, 71 Am. St. Rep. 547. But directors have been held not to be personally liable to creditors for mere inattention, imprudence and want of care where there is no fraud or wilful mismanagement. Deaderick v. Bank of Commerce, 100 Tenn. 457, 45 S. W. 786. It is also generally recognized that creditors have no right to ask that the directors be held liable for mismanagement which occurred before the debts were incurred. Landis v. Sea Island Hotel Co., 53 N. J. Eq. 554, 33 Atl. 964.

There is nothing in the allegations of the present bill of complaint to which the general and special demurrers have been overruled which makes a case in favor of the creditors within the purview of the foregoing rules governing the liability of directors to the creditors of a corporation. If there was no liability in favor of the creditors, it is necessarily true that there is no liability in favor of the trustee in bankruptcy, who is the mere representative of the creditors. This is true even if the allegations of the bill were sufficient to show that the directors, by their mismanagement or gross negligence, have incurred liability toward the corporation or toward the directors of the corporation.

It is quite easy to conceive a case in which the entire interest of the stockholders in a corporation may have been wiped out through the mismanagement and negligence of directors, resulting in the insolvency of the corporation and its ultimate bankruptcy, and yet all of the acts of negligence and mismanagement complained of may have occurred before the claims of the creditors in bankruptcy were incurred. In such a case there would be no liability which the *creditors* would have the right to resort to under the foregoing rule, even though the

stockholders might still have a right to seek redress for the wrongs which they have individually suffered.

In McEwen v. Kelly, *supra*, the case cited and most strongly relied upon by appellee to support the bill of complaint, the Supreme Court of Georgia held the bill to be bad in part because the allegations were vague, general, and lacking in any direct statements to charge two of the defendants with any breach of duty resulting in damages to the creditors. We think that the same criticism will apply to the bill of complaint in the present case, because it fails to specify that any of the debts of the creditors represented by the trustee in bankruptcy were prejudiced because the acts charged were done after the debts were incurred or in contemplation thereof. The bill also fails to so definitely and clearly allege the details of many of the acts set up as to conform to the degree of certainty heretofore exacted of bills in equity undertaking to set up fraud. Hillsboro Grocery Co. v. Lehman, 62 Fla. 208, 56 Sou. Rep. 684; Huffstetter v. Our Home Life Ins. Co., 67 Fla. 324, 65 Sou. Rep. 1.

The decree appealed from is therefore reversed and the cause remanded with directions to sustain the general demurrer with leave to amend if desired.

Reversed and remanded.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.