RIDGELAND DEVELOPMENT COMPANY, a corporation, et al., *Appellants,* v. C. L. BUNDY and F. J. HACKNEY, *Appellees.*

146 So. 379.

En Banc.

Opinion filed February 9, 1933.

Rehearing denied March 2, 1933.

*Wilson & Boswell,* for Appellants;

*Harry E. King,* for Appellees.

Davis, C. J.—In this case the bill of complaint filed in the court below alleged fraud on the part of the defendants, as directors of the corporation, complainant, in that said defendants had attempted to cancel obligations due the corporation by certain stockholders, including the defendants, thereby attempting to depreciate and destroy assets of the corporation to the detriment of the corporation, stockholders and creditors. The bill further alleges that the defendants failed to exercise diligence in attempting to collect obligations due the corporation for the sale of lots to purchasers and attempted to acquire valuable property belonging to the corporation for their own personal use by failing and refusing to use the moneys which the defendants owed the corporation for the stock certificates for the purpose of paying off certain obligations of the corporation. The bill also alleges that said defendants, instead of paying for their stock subscriptions to the corporation, certificates for which had been issued to and accepted by them, undertook to cancel their indebtedness to the corporation on said certificates and did in fact cancel the same. Other allegations are that the defendants agreed or acquired title to the property of the corporation by various means, such as tax certificates, execution sales, and the like, all of which they made possible by their willful neglect of the affairs of the corporation and dissipation of its assets.

The prayer for relief was that the defendant, Hackney,

be enjoined and restrained from disposing of real estate described as being owned by him and that upon final hearing that the complainants have a decree against each of the defendants for the amount owed by them on account of their subscription to the company's stock; that the court decree that the defendants hold certain assets of the company which had been acquired by them, in trust for the creditors of the stockholders of the company; that the action of the defendants and other directors in undertaking to relieve themselves and others from liability, by cancelling the indebtedness for the stock held by them, be decreed to be fraudulent and of no effect; and that the defendants be held liable to the complainant because of their alleged indebtedness and fraudulent cancellation of certain obligations owing by the stockholders to the corporation, and for other relief not necessary to particularly describe.

The Chancellor sustained a motion to dismiss the bill for want of equity. This motion was in legal effect a general demurrer to the bill, as amended, and under the general rule prevailing in this State, if there was any equity in the bill, the motion to dismiss the whole bill should have been denied. The appeal is from the order dismissing the last amended bill of complaint and holding it to be unamendable.

We think the Chancellor's order should be reversed on the authority of the following cases which have been recently decided by this Court: Orlando Orange Groves Co. v Hale, 107 Fla. 304, 144 So. Rep. 674; Forcum v. Symmes, 106 Fla. 510, 143 So. Rep. 630; Skinner v. Hulsey, 103 Fla. 713, 138 So. Rep. 769.

Reversed and remanded.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

On Petition for a Re-hearing.

PER CURIAM.—The Court did not overlook the consideration of appellee's cross assignment of error which was to the effect that the court erred in granting the complainant's motion to vacate and set aside a previous order dismissing the suit. The brief of counsel for appellee admitted that the ruling complained of was on a proposition as to which sound judicial discretion might have been properly exercised, and inasmuch as no abuse of discretion was shown, we saw no cause to reverse the Chancellor's action complained of on the cross assignment of error.

There was equity in the bill so the order sustaining a demurrer to it, and the final decree dismissing the suit, was therefore error which required a reversal of the decree appealed from and a remand of the cause for further proceedings. Whether the complainant elects to stand on the present bill or will seek an amendment of it in any particular, is a matter with which we are not concerned on the present appeal. The remand is for further proceedings, which means further proceedings on the present bill unless complainant applies for and the court permits an amendment. The bill as it stands contains equity and requires an answer.

Re-hearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.