775 So.2d 387 (2000)
Patrick C. CONNOLLY and Robert T. Connolly, Appellants,
v.
AGOSTINO'S RISTORANTE, INC., Appellee.
No. 2D99-4613.
District Court of Appeal of Florida, Second District.
November 29, 2000.
David A. Bacon of Bacon, Bacon, Johnson & Goddard, P.A., St. Petersburg, for Appellants.
Michael C. Berry, Sr., of Michael C. Berry & Assoc. P.A., Clearwater, for Appellee.
WHATLEY, Acting Chief Judge.
Patrick C. Connolly and Robert T. Connolly appeal a final judgment in favor of Agostino's Ristorante, Inc., in the latter's suit alleging various causes of action arising from the sale of its assets to the Connollys' corporation. This appeal concerns only the judgment against the Connollys personally, which was founded on count IV of the complaint. We reverse.
Agostino's owned a restaurant of the same name. In 1994, the Connollys contracted to purchase the restaurant for $135,000. As permitted by the agreement, the Connollys assigned the contract to a corporation, PRC, Inc., of which they were the sole shareholders, officers and directors. At the closing PRC paid $35,000 *388 in cash and gave Agostino's a $100,000 promissory note along with a security agreement. Thereafter, PRC operated the restaurant and made monthly payments on the promissory note. A year later, PRC sold the restaurant to ATM Futures, Inc. Under the terms of the sale, ATM agreed to assume all obligations of PRC under the promissory note and security agreement. ATM made several monthly payments and then defaulted. Agostino's then filed this action against PRC and the Connollys.
Count IV of the amended complaint asserted that the Connollys were personally liable to Agostino's because they had breached their duties as corporate directors of PRC. It alleged:
Patrick C. Connolly and Robert T. Connolly breached and failed to perform their duties as directors as set forth in Section 607.0831 Fla. Stat. Both Connollys received improper personal benefit from the sale of the assets of Agostinos to A.T.M., Inc. through P.R.C., Inc., which directly included cash payments of Twenty-five Thousand Dollars ($25,000.00), and indirectly other benefits.
The trial court erred in ruling in favor of Agostino's on this count because Agostino's was merely a creditor of PRC, and "the general rule is that directors do not owe creditors duties beyond the relevant contractual terms absent `special circumstances... e.g., fraud, insolvency, or a violation of a statute....'" Geyer v. Ingersoll Publications Co., 621 A.2d 784, 787 (Del.Ch.1992) (citations omitted).[1]See Skinner v. Hulsey, 138 So. 769, 773 (Fla. 1931) ("in a solvent going concern directors are considered the agents or fiduciaries of the corporation, not of its creditors."). See also Flight Equip. & Eng'g Corp. v. Shelton, 103 So.2d 615, 626 (Fla. 1958) (describing corporate officer's assertion that his first duty was to creditors, as opposed to the corporation or its stockholders, as "both strange and unfounded in law.").
Here, Agostino's did not allege or prove any special circumstance which would render the Connollys personally liable to it.[2] Although Agostino's contended the Connollys violated section 607.0831, Florida Statutes (1995), by its terms that statute merely shields directors from personal liability and specifies circumstances in which that protection may be lost. The statute itself neither imposes any duties on corporate directors nor creates any causes of action against them.
Accordingly, we reverse the judgment insofar as it was rendered against the Connollys personally, and we remand with directions to enter judgment in their favor on count IV of the amended complaint.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] "The Florida courts have relied upon Delaware corporate law to establish their own corporate doctrines." International Ins. Co. v. Johns, 874 F.2d 1447, 1459 n. 22 (11th Cir.1989) (and cases cited therein).
[2] Agostino's mistakenly relies on a case holding that "a corporate creditor has a cause of action against a director to whom the corporation paid a pre-existing debt at a time when it was insolvent." Poe & Assocs., Inc. v. Emberton, 438 So.2d 1082, 1085 (Fla. 2d DCA 1983) (emphasis supplied). Our record does not show that PRC was insolvent at any relevant time.

The other case Agostino's relies upon is fully consistent with our holding today. In B & J Holding Corp. v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1977), the court held that the corporate officers were personally liable to the corporation for breaching their fiduciary duties.