**In re JACK GREEN'S FASHIONS FOR MEN—BIG AND TALL, INC., Bankrupt.**

**Michael H. BERMAN, Trustee, Plaintiff,**

v.

**John F.B. GREEN, et al., Defendants.**

**Bankruptcy No. 77–00807–B–W–3. Civ. A. No. 78–0464–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

Sept. 20, 1978

318

Michael H. Berman, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for plaintiff.

Jack N. Bohm, Stoup & Bohm, Kansas City, Mo., for defendants.

### ORDER

RUSSELL G. CLARK, District Judge.

On May 30, 1978 the defendants, John F.B. Green, John F. Green, Beatrice M. Green and Judith A. Green filed their notice of appeal from the order of the Bankruptcy Judge entered May 26, 1978 disallowing "the claim of the Centennial Bank against the proceeds from the sale of the property in which it had a security interest and in effect ordered 'marshalling of as-

sets'." (Appellants' notice of appeal). The following facts appear undisputed:

1. About April 15, 1975 a business known as "Jack Green's Big and Tall" was commenced as a partnership by John F. Green, John F.B. Green, and John R. Baker.

2. On or about November 3, 1975 a promissory note in the principal amount of $60,000 was executed by the following parties in favor of Centennial Bank and Trust: John F. Green, John F.B. Green, Judith A. Green, Beatrice M. Green, John R. Baker and Judy M. Baker.

3. At or about the same time, the makers of the promissory note granted to Centennial a security interest in all inventory, furniture and fixtures then held or thereafter acquired and which pertained to the operation of "Jack Green's Big and Tall".

4. In addition to the security interest granted Centennial, John F. Green, Judith Green, John F.B. Green and Beatrice M. Green executed a deed of trust in favor of Centennial on three tracts of real estate.

5. Thereafter on August 25, 1976 a promissory note in the principal amount of $75,000 was executed by John F. Green, Judith A. Green, John F.B. Green and Beatrice M. Green. This promissory note was secured by the three tracts of real estate and a security agreement granting Centennial a security interest in all inventory, furniture and fixtures acquired in the operation of Jack Green's Big and Tall.

6. About November 30, 1976 Jack Green's Fashions for Men Big and Tall was incorporated in the state of Kansas.

Plaintiff, Michael Berman, is the Trustee in bankruptcy for Jack Green's Fashions for Men—Big and Tall, Inc. Pursuant to a court order, the inventory, furniture and fixtures of the bankrupt corporation have been liquidated. The net proceeds of the liquidation sale amounted to $28,166.04. The balance due on the note given to Centennial Bank and Trust and secured by the deed of trust on several parcels of real estate and the inventory, furniture and fixtures of the corporation is $64,884.83. The

proceeds of the liquidation sale are not sufficient to satisfy the balance due Centennial Bank. However, the bank has asserted a security interest in the liquidation proceeds. Subsequently, the trustee in bankruptcy filed a complaint to marshal the liens alleging that the market value of the real estate secured by the deed of trust held by the bank was at least $135,000. Additionally, the trustee alleged that substantial equity existed in the real estate out of which the debt due Centennial could be fully satisfied. Therefore the trustee requested that Centennial be forced to foreclose its deed of trust leaving the proceeds of the liquidation sale for distribution to unsecured creditors. Centennial as well as defendants Mr. and Mrs. John F.B. Green and Mr. and Mrs. John F. Green opposed the trustee's motion. The bankruptcy judge determined that:

> under the facts of this case, it would be grossly unfair to the general creditors not to apply the doctrine of marshalling. They are the ones who sold the inventory on open account to the bankrupt which fell under the bank's lien. (p. 4 Bankruptcy Order of May 26, 1978)

The bankruptcy judge disallowed the bank's claim for $64,884.83 and the bank was granted leave to foreclose on its deed of trust in the state court. However, the opinion provided that if the bank, after foreclosure on the real estate, had a deficiency then the deficiency could be asserted against the proceeds of the liquidation sale. The bank has not appealed from this order; however, Mr. and Mrs. John F.B. Green and Mr. and Mrs. John F. Green have appealed.

The appellants allege that the May 26, 1978 order of the bankruptcy court requiring the bank to attempt to satisfy its claims out of the real estate subject to the deed of trust prior to asserting a claim against the liquidation proceeds was erroneous in several respects. The appellants contend that Rule 5(h), 11 U.S.C. § 23(h) does not authorize the marshalling of assets in this case because the real estate held by the couples as tenants by the entireties is not an asset of any of the bankrupt estates which the trustee is managing. The defendants cite a number of Missouri and Eighth Circuit cases which clearly indicate that property held in a tenancy by the entireties is not an asset includable in the bankrupt's estate unless both husband and wife have declared bankruptcy.

After reviewing the pleadings in support of and in opposition to appellants' claims for relief on appeal, the Court concludes that the May 26, 1978 decision of the bankruptcy judge should be affirmed for the following reasons.

All of the parties agree that the leading case dealing with the doctrine of marshalling of assets is *Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). Although that case did not involve a bankruptcy proceeding, the Court established several guidelines that have been widely applied to the marshalling of assets in other contexts. In *Meyer* the Court reiterated its earlier statement that:

> the equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds. *Meyer* at 247, 84 S.Ct. at 326 quoting *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456–57, 45 S.Ct. 528, 530–31, 69 L.Ed. 1041 (1925).

Further, the Court in *Meyer* pointed out:

> marshalling is not bottomed on the law of contracts or liens. It is founded instead in equity, being designed to promote fair dealing and justice. Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties.

Collier on Bankruptcy points out that while the marshalling theory as originally developed was designed to be applied between conflicting lienholders, this concept in

bankruptcy should not ignore the unsecured creditor. 4 Collier on Bankruptcy § 67.27[4].

 The defendants' contention that Rule 5(h) cannot be utilized in this situation to marshal the assets is correct. Rule 5(h) of the Bankruptcy Act deals with the marshalling of assets and claims to secure an equitable distribution of the property of partnership and individual bankrupt estates where claims exist against both estates. In the factual situation before this Court, the power of the Court to require the marshalling of claims rests not on Rule 5(h) of the Act, but on general equitable principles. It is clear that bankruptcy courts as courts of equity have the power to marshal liens of creditors subject to their jurisdiction to insure that an equitable distribution of assets is achieved. *Caplinger v. Patty,* 398 F.2d 471, 474 (8th Cir.1968); *Victor Gruen Assoc., Inc. v. Glass,* 338 F.2d 826, 829 (9th Cir.1964); *Collier,* supra at 394.

Further appellants contend that this Court has no jurisdiction over the real estate in question because it is held by them as tenants by the entireties and the wives are not involved in any of the bankruptcy proceedings. Unlike the cases cited by the defendants, this appeal does not involve a situation where the bankruptcy court has directed that assets be turned over to the bankrupt estate for management and administration by the trustee. The May 26, 1978 order only concerns the manner in which a creditor of the estate can proceed to satisfy his claim against the bankrupt corporation. The Court has jurisdiction over the lien creditor, Centennial Bank, to whom the May 26 order was directed. Thus, the Court rejects the defendants' contention that the bankruptcy judge's order exceeded the scope of his jurisdiction.

Because the action of the bankruptcy court will provide the most fair and equitable method for distributing the assets among the creditors of the bankrupt corporation in accordance with the Supreme Court's directive in *Meyer,* supra, it is hereby

ORDERED that the May 26, 1978 order of the bankruptcy court appealed from is affirmed.