In re Eugene LEONARDO, dba Monroe Appliance Company, Debtor.

**WESTINGHOUSE CREDIT CORPORATION, Plaintiff,**

v.

**CENTRAL TRUST COMPANY ROCHESTER, N. Y., United States of America Small Business Administration, Richard P. Vullo, as Trustee in Bankruptcy of Eugene Leonardo and Eugene Leonardo, Defendants.**

Bankruptcy No. 79–24054, 80–2199A.

United States Bankruptcy Court, W. D. New York.

June 3, 1981.

Woods, Oviatt, Gilman, Sturman & Clarke by Gary F. Amendola, Rochester, N. Y., for Central Trust Co.

Lacy, Katzen, Ryen & Mittleman by David MacKnight, Rochester, N. Y., for Westinghouse Credit Corp.

Rosemary G. Roberts, Asst. U. S. Atty., Rochester, N. Y., for Small Business Administration.

Maas, Weinstein, Hutchings & Vullo by Richard P. Vullo, Rochester, N. Y., Trustee for Eugene Leonardo.

Relin & Goldstein by Lloyd H. Relin, Rochester, N. Y., Atty., for Eugene Leonardo.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this matter, an action had been started by Westinghouse Credit Corporation seeking the marshalling of assets of the debtor. After a pretrial conference, the parties hereto have stipulated to the facts and submitted the case based upon those facts and their briefs. The matter is now ready for disposition.

The facts appear to be as follows. Central Trust Company, Westinghouse Credit Corporation and the Small Business Administration are secured creditors of Eugene Leonardo, the debtor herein. Each has a security interest in the debtor's equipment and inventory, which have been sold by the trustee. The priority position in the net proceeds of that sale are Central Trust Company, Westinghouse Credit Corporation and Small Business Administration.

In addition, Central holds a collateral security mortgage on the debtor's residence and an assignment of the debtor's life insurance policies. The residence at 460 Bouckhart Avenue, in the Town of Irondequoit, County of Monroe is owned by the debtor and his wife, Grace Leonardo, as tenants by the entirety. The residence is worth approximately $43,000. It is encumbered by a first mortgage of $19,000, Central's security mortgage and a federal tax lien of $14,000.

The debtor has claimed a $10,000 homestead exemption and the property has been abandoned by the trustee. The debtor's life insurance policies have a cash surrender value of about $7,700 and this is claimed exempt under New York Insurance Law § 166.

Central Trust Company's claim for $23,500 can be paid out of either of two funds; the debtor's equity in his residence and the insurance policies or from the net proceeds realized by the sale of inventory and equipment. Central Trust Company wants to collect from the sale's proceeds of the inventory and equipment. If they are permitted to collect from the sale's proceeds, nothing will be left for the other creditors except IRS with their tax lien. Westinghouse Credit Corporation and the Small Business Administration argue that such a result would be inequitable and ask this Court to invoke the doctrine of marshalling of assets and require Central to satisfy its claim first from the cash value of the life insurance policies and collateral security mortgage.

■ Marshalling of assets is an equitable doctrine designed to promote fair dealing and justice. "Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security." *Meyer v. United States*, 375 U.S. 233, 237, 238, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963). The rights of all who have an interest in the property, including the debtor, must be con-

sidered and the doctrine should be applied "only when it can be equitably fashioned as to all of the parties." *Id.* at 238, 84 S.Ct. at 321.

If the doctrine is invoked in this case, the debtor will be denied the benefit of the homestead exemption claimed by him under CPLR 5206 and the life insurance exemption claimed by him under New York Insurance Law § 166. As a result, the debtor and his family would lose their home and the beneficiaries of the insurance policies might be left destitute when the debtor passes away.

■ The homestead and insurance exemptions reflect a legislative policy, both state and federal, to provide an honest debtor with a fresh start. They were drafted with the understanding that justice is not served by leaving the debtor and his family homeless and on the brink of financial ruin. A court of equity will not permit impairment of exemptions unless for good cause shown and such a showing requires more than just the creditors' interest in being paid. The creditor must show that the debtor does not deserve the benefit of the exemptions he claims. *See Meyer v. United States*, 375 U.S. 237, 84 S.Ct. 321.

■ It would be inequitable to treat Central Trust Company, Westinghouse and Small Business Administration equally since Central Trust Company bargained for and obtained additional security which Westinghouse and Small Business Administration failed to do. Westinghouse and Small Business Administration ask now that Central Trust Company be required to foreclose a mortgage on property held as tenants by the entirety, pay off the mortgagor and sell the property in order to recover a portion of the debt which is owing to them. Marshalling of assets should not be available in cases such as this where there will be prejudice to the senior creditors such as delay and increased expenses.

Westinghouse and Small Business Administration claim that the debtor used the existence of Central's mortgage to obtain the abandonment of the trustee's interest in the real property and that it would be inequitable, now that the property has been abandoned, to attempt to resist the marshalling of assets because of the existence of Central's mortgage. While Central's collateral mortgage on the debtor's residence did play a part in the abandonment of the property, the home is also encumbered by a first mortgage of $19,000 and a federal tax lien of $14,000. These encumbrances together with the debtor's claimed homestead exemption render the property of inconsequential value to the estate.

Another creditor, the Internal Revenue Service, who has not been joined in the case at bar, would have their tax lien wiped out if Central Trust Company was forced first to enforce their collateral security on the real property. If Central is permitted to satisfy their debt out of the sale of inventory and equipment, IRS's lien against the real property is advanced and they may be paid in full out of it.

As a result of all the foregoing, equity would best be served by denying Westinghouse and Small Business Administration request to marshall the assets and it is so ordered.