James W. PEACOCK, Jr., and Mary Patricia Peacock, Appellants,

v.

Robert E. GIBSON, Trustee, Appellee.

No. TCA 81–0787.

United States District Court, N.D. Florida, Tallahassee Division.

Nov. 23, 1981.

ORDER

HIGBY, District Judge.

Appellants, James W. Peacock, Jr., and Mary Patricia Peacock, have invoked this

court's appellate jurisdiction, Bankruptcy Rule 801, and seek review of a bankruptcy court order requiring the Farmers & Merchants Bank to marshal certain assets when foreclosing mortgaged property of the bankrupt, Bill Peacock Chevrolet, Inc. I conclude the factual findings of the bankruptcy court are ambiguous and insufficient to support its decision. The decision must be vacated and remanded for further proceedings.

Farmers & Merchants Bank loaned Bill Peacock Chevrolet $150,000.00. The loan was secured by a second mortgage upon corporate real estate. A second mortgage upon property of the corporation's principal stockholders, Mr. and Mrs. Peacock, and their personal guarantee of payment further protected the bank's position. When the balance of the loan had been reduced to $75,000.00, Farmers & Merchants loaned Bill Peacock Chevrolet $50,000.00 more. This note was secured by the same second mortgages as the first. The Peacocks signed the note in spaces identifying the signers as makers of the note along with Bill Peacock Chevrolet, Inc.

Farmers & Merchants asked the bankruptcy court to lift the automatic stay and allow it to proceed in court against the security for its loans. Robert E. Gibson, trustee of the bankrupt estate, as representative of the estate's creditors, asked the court to require the bank to marshal its securities and move first against the Peacock's mortgaged personal property. The Bank and the Peacocks did not like the idea and opposed it.

Marshaling is a doctrine created by courts of equity to provide fair treatment for creditors of the same debtor. It applies when one creditor has access to two of the debtor's funds from which it may satisfy its debt while another creditor only has access to one of the funds. *Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *In re Green's Fashions*, 597 F.2d 130 (8th Cir.1979); *Coombes v. Wheeler*, 131 Fla. 593, 179 So. 785 (1938). The marshaling doctrine allows a court to require a creditor to satisfy its debt from the fund the other creditor cannot reach.

That leaves the creditor with access to only one fund assets to satisfy its debt. *Id.*

Marshaling, as ordered by the bankruptcy court, required the Bank to satisfy its debts from the Peacock's personal property. It was done in the most painless way possible, by subrogating the trustee, Bill Peacock Chevrolet's creditors incarnate, to the Bank's lien against the Peacock's personal property.

Two creditors having the same debtor is a pivotal prerequisite to marshaling. The bankruptcy court found this requirement fulfilled by determining that the mortgages on the Peacock's property were actually contributions of capital to the corporation. That determination rested in part on a finding that the Peacocks were makers of the second note.

■■■ Factual findings of the bankruptcy court cannot be overturned unless they are clearly erroneous. Bankruptcy R. 810; *Griffin v. Kelley*, 227 F.2d 258 (5th Cir. 1955). A factual finding is clearly erroneous if there is no substantial supporting evidence, it is due to a misapprehension of the effect of evidence, or when after reviewing the evidence the court is left with the definite and firm conviction that a mistake has been made. *United States v. Wiring, Inc.*, 646 F.2d 1037 (5th Cir.1981); *Western Cottonoil Co. v. Hodges*, 218 F.2d 158 (5th Cir.1955). The third reason may apply to the determination that the Peacocks were makers of the second note. Both Peacocks and the Bank officer who made the loans testified that everyone's intent was for the Peacocks to be guarantors of the second note just as they were of the first. The court's evaluation of the evidence is unexplained.

The finding that the mortgages were contributions to capital may also be erroneous. A court's power to find a loan guaranty, a loan, or anything else a contribution to capital is the product of the law's preference for substance over form. Facts should be carefully considered. *In re Indian Lake Estates*, 448 F.2d 574 (5th Cir. 1971). Here there is no evidence other than the guaranties to support a finding of a contribution to capital. Personal control

of the Peacocks over the corporation was not shown. Nothing indicates the guaranties were treated as a capital contribution. Nothing indicates the corporation was thinly capitalized. Again the court's conclusions are not adequately explained.

The foregoing discussion sets forth the reasons for vacating the bankruptcy court decision and disposes of two of the three issues on appeal. The third issue does not deserve discussion. The order of the bankruptcy court, 7 B.R. 437, is vacated and the case remanded for further proceedings consistent with this opinion.