406 So.2d 1263 (1981)
Richard J. FENICK, Computer Business Services, Inc., and Advisory Associates, Inc., Appellants,
v.
Jack M. ROBERTSON and I.H.I.M.M., Inc., Appellees.
No. 80-1154.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
*1264 Arthur C. Koski of Koski, Mateer & Gillespie, P.A., Boca Raton, for appellants.
Alan Richard Simon of Reynolds & Reynolds, Chartered, Boca Raton, for appellees.
DOWNEY, Judge.
In their multicount complaint appellees sued appellants seeking to recover a) upon a promissory note, b) in replevin, and c) damages.
In the final judgment entered after trial without a jury the court found that appellees were entitled to recover specified personal property mainly having to do with a computer and associated equipment furnished by appellees. The court also found that appellees were entitled to recover damages as well as the principal and interest on a promissory note.
Appellants pose four points on appeal, but only one warrants discussion. That point has to do with piercing the corporate veil and holding the individual appellant, Richard J. Fenick, liable for the corporate obligations of appellant, Advisory Associates, Inc. Appellants' Point III at first blush appeared to have some merit, but upon closer inspection of the record we find it insufficient to support appellants' argument directed at overturning the trial judge's findings on the rental value of the equipment involved.
The point warranting discussion involves certain of the trial court's findings. In its final judgment the court found, among other things, that Fenick "totally disregarded the corporate status of the Defendant ADVISORY ASSOCIATES, INC., and used that corporation for his own use and benefit with a total disregard of the corporate entity." In addition, the court found that Fenick "abused his position as officer and director of that corporation to fraudulently mislead and deceive the Plaintiff to the detriment of the Plaintiff." Based upon the foregoing findings of fact, the court ruled that appellant Fenick was individually liable to appellee Robertson for all damages Robertson incurred.
On appeal Fenick takes the position that there is no basis for the finding that Fenick was individually liable (a) on the $5,375 note he signed as president of Advisory Associates, or (b) for the rental value of the computer equipment. Fenick supports his position primarily by asserting that there was no showing that he was guilty of fraud. We do not decide whether there was evidence showing Fenick was guilty of fraud, since a corporate officer may be found individually liable without a showing of fraud. Levenstein v. Sapiro, 279 So.2d 858, 860-861 (Fla. 1973). Individual liability may be imposed upon a showing that the relationship between the individual and the corporation was completely personalized, i.e., that the individual was the sole beneficiary of the corporation's activities, directed and managed its activities, and used the corporate name at his pleasure. Ibid.
*1265 At trial Fenick took the position that the computer equipment was the property of Advisory Associates, and that "Advisory Associates, Inc., is me... ." He further testified that he decided to turn over to a corporation of which his son was president the computer equipment in question (which equipment constituted the sole assets of Advisory Associates) at no charge, except that the son's corporation would be responsible for the maintenance of the equipment. This alone would be grounds for holding Fenick individually liable. See Annot., Disregarding Corporate Entity, 46 A.L.R.3d 428, §§ 5, 6. There was no corporate resolution authorizing Fenick to turn over the equipment to his son's corporation. What is more, Advisory Associates never held any corporate meetings. These facts lead to the clear inference that, although Advisory Associates was a legitimately organized corporation, Fenick operated it as a sole proprietorship. And it should not be overlooked that Fenick testified Advisory Associates was inactive at the time of trial, again leading to the clear inference that Fenick's individual decision to grant his son's corporation the use of the computer equipment in question led to the practical, if not actual, demise of Advisory Associates. The record in the present case shows the court properly considered equitable principles and properly found that Fenick was individually liable because Advisory Associates was his alter ego. Levenstein v. Sapiro, supra.
Accordingly, we find no reversible error demonstrated and affirm the judgment appealed from in all respects.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.