**In re LARRY'S EQUIPMENT SERVICE, INC., Debtor.**

**CANAL NATIONAL BANK, Plaintiff,**

**v.**

**LARRY'S EQUIPMENT SERVICE, INC. and Harvey J. Putterbaugh, Esq., Trustee et al., Defendants.**

**Bankruptcy No. 180–00257.**

**Adv. No. 181–0086.**

United States Bankruptcy Court, D. Maine.

Sept. 13, 1982.

---

J. William Batten, Daviau, Jabar & Batten, Waterville, Me., for Canal Nat. Bank.

Donald H. Marden, Waterville, Me., for Kennebec Equipment Rental.

Barry A. Cohen, Bangor, Me., for County Tire.

J. William Batten, Waterville, Me., for Motor Supply Co.

Harvey Putterbaugh, Portland, Me., Bernard Cratty, Waterville, Me., for Larry's Equipment.

Thomas Brown, Bangor, Me., for Firstbank N. A.

Norman Minsky, Bangor, Me., for Federal Trust Co.

Lawrence Cohen, Barsh & Cohen, P. C., Chestnut Hill, Mass., for Shawmut Community Bank.

Gregory J. Farris, Gardiner, Me., for Gardiner Savings Institution.

Morris Greenberg, Portland, Me., for Baldwin Cooke Co.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiff, Canal National Bank, filed a Complaint to Determine the Validity, Priority and Extent of its Liens in property of the debtor, Larry's Equipment Service, Inc.[1] The property was sold by the trustee free and clear of all liens pursuant to Court Order with valid liens to attach to the proceeds of said sale. All parties in interest have been determined as unsecured creditors except plaintiff, First Bank, N.A., and Federal Trust Company.[2]

No dispute arises with respect to the validity and perfection of the senior lien of plaintiff, Canal National Bank, to the extent of $6,219.51. Canal's lien attached to all the personalty sold by the trustee. Trustee did not dispute the validity or perfection of the lien of First Bank, N.A., the subordinate lien holder, in a portion of the same collateral held by Canal National Bank in the amount of $13,777.00. Additionally, Federal Trust Company holds a perfected lien on proceeds from the sale of specific collateral to the extent of $700.00. It is trustee's position, however, that Canal National Bank satisfy its senior lien out of the same collateral claimed by the junior lienors, thereby reducing the amount available to the junior lienors, and increasing the amount available to the debtor's estate. Total proceeds from the sale were $31,215.00, and there exists sufficient sums to pay senior and junior lien creditors in full, with a substantial balance remaining for debtor's estate.

The only issue for the Court to decide is whether a trustee in bankruptcy can seek to marshall the assets of a debtor so as to satisfy the claims of a first lienor wholly from collateral subject to subordinate perfected security interests when the debtor possesses other collateral subject to the first lien which is sufficient to satisfy that claim.

It is clear that the Court has the equitable power to order the marshalling of assets in a bankruptcy proceeding.[3] The doctrine is said to rest "upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who

1. An Order for Relief was entered for the debtor under 11 U.S.C. Chapter 7 on August 21, 1980.

2. Shawmut Community Bank and Gardiner Savings Institution asserted security interests in collateral which was not among the property sold. These parties now hold unsecured claims. Federal Trust Company asserted security interests in two pieces of equipment, only one of which was among the property sold. Therefore, Federal Trust Co. is a partially unsecured creditor. Motor Supply Company, County Tire, Inc. and Kennebec Equipment

Rental Company have withdrawn their claims as lien creditors and consent to treatment as unsecured creditors. Additionally, a default judgment was entered against Baldwin Cooke Company for failure to file a response to the Complaint.

3. *See Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *Victor Gruen Assocs., Inc. v. Glass,* 338 F.2d 826 (9th Cir. 1964); *Textile Banking Co. v. Widener,* 265 F.2d 446 (4th Cir. 1959).

may resort to only one of the funds." *Meyer v. United States,* 375 U.S. 233, 236, 84 S.Ct. 318, 320, 11 L.Ed.2d 293 (1963) (quoting *Sowell v. Federal Reserve Bank,* 268 U.S. 449, 456–57, 45 S.Ct. 528, 530–531, 69 L.Ed. 1041 (1925)). Marshalling will be applied only when it can be equitably fashioned as to all the parties having an interest in the property involved. *Id.* at 237, 84 S.Ct. at 321; *In re Marden,* No. BK–69–335–K (D.Me. Mar. 26, 1970) (Summary at Bankr.L.Rep. (CCH) ¶ 63,474); *In re Leonardo,* 11 B.R. 453 (Bkrtcy.W.D.N.Y.1981). It should not be applied where it will frustrate the legislative policy or objective of the Bankruptcy Code, "the promotion of equality of distribution among creditors of the same class." *In re Marden,* No. BK–69–355–K, Slip op. at 5.

■ Marshalling is not equitable if applied for the benefit of a trustee to the detriment of a secured and properly perfected junior lien creditor. To permit marshalling in the manner sought by the trustee, in this case, would frustrate the objective of the Bankruptcy Code and conflict with the doctrine itself by prejudicing the rights of a superior class of creditors.

Accordingly, distribution of the proceeds shall be as follows:

1. Plaintiff, Canal National Bank, shall have its claim satisfied in full from assets unencumbered by the junior liens.

2. First Bank, N.A. and Federal Trust Company shall have their claims satisfied to the extent of their respective collateral.

3. The balance of the proceeds will remain assets of the estate.

Enter Order.