In re Jimmy CHAVEZ, Marie T. Chavez, Debtors.

Joseph A. GENOVA, Jr., Trustee, Plaintiff,

v.

Jimmy CHAVEZ, Marie T. Chavez, Defendants.

No. 82 Mc.2083.

United States Bankruptcy Court, D. Colorado.

Jan. 7, 1983.

Joseph A. Genova, Jr., Pueblo, Colo., for trustee, plaintiff.

Michael Schiferl, Pueblo, Colo., for debtors, defendants.

## ORDER DENYING COMPLAINT FOR TURNOVER TO THE TRUSTEE

JOHN F. McGRATH, Bankruptcy Judge.

On October 14, 1982, the Trustee in this matter filed a Complaint for Turnover of certain non-exempt property of this estate to be used for the benefit of the unsecured creditors. The property involved was the Debtors' equity in a non-exempt boat, motor and trailer and miscellaneous household goods. These items are secured to Avco Industrial Bank along with a 1977 G.M.C. Truck and a second mortgage on the Debtors' house. The home is valued at $45,-000.00 and $15,000.00 is owed on the first mortgage to American Federal, leaving a balance of $30,000.00. The amount owed to Avco Industrial Bank is $27,680.00. The Trustee, therefore, claims that Avco is oversecured on the home itself. He asks that Avco be required to be satisfied from the home and that the Debtors' equity in the non-exempt property be turned over to the Trustee for the benefit of the unsecured creditors. On the Debtors' Schedule B–4, they have claimed a homestead exemption in the amount of $8,519.53. No objection was made, and therefore, this exemption is allowed.

A hearing was held on November 6, 1982, and another on November 13, 1982. The Court entered an Order allowing the Debtors to amend their Schedule B–4 to exempt their household goods. The Court further ordered that although the Debtors could not physically turn over the boat, as it was held as security by Avco Industrial Bank, the Debtors' equity of $3,081.00 would be property of the estate. A Motion for Reconsideration was filed November 4, 1982, with regard to the portion of the Order concerning the boat, motor and trailer, and on December 6, 1982, this Court granted the Motion for Reconsideration. Subsequently, a hearing was held on December 13, 1982.

After consideration the Court now finds as follows:

The Court does have equitable power to order marshaling of assets in a bankruptcy proceeding. However, this can only be applied when the results are equitable to all parties having an interest in the property. State courts have refused to apply marshaling where state created homestead exemptions would be destroyed and federal courts also have found marshaling nonapplicable if one of the funds is exempt under state law. *Meyer v. U.S.,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). Marshaling should not be applied if it would frustrate the legislative policy or objectives of the Bankruptcy Code. *In re Larry's Equipment Service, Inc.,* 23 B.R. 132, 9 B.C.D. 832 (Bkrtcy.D.Me.1982). Conversely then, marshaling may be applied if it would further the policies and objectives of the Bankruptcy Code.

In the *Matter of Turpin,* 644 F.2d 472 (5th Cir.1981) the Court noted that Supreme Court decisions regarding the principles of determining what property should be transferred to the trustee say the scope of "property" must be determined by referring to the purpose of the Bankruptcy Act. One purpose is "to secure for creditors everything of value that the bankrupt may possess in a lienable or leviable form," but the Act also has as its purpose giving the bankrupt a clean slate and an unencumbered fresh start. *Segal v. Rochelle,* 382 U.S. 375, 378, 86 S.Ct. 511, 514, 15 L.Ed.2d 428 (1966).

It is true that 11 U.S.C. § 541 places all the debtor's property in the estate, but § 522(b) requires the trustee to accede to the debtor's claim of exemption notwithstanding § 541. *In re Martin,* 20 B.R. 235, 9 B.C.D. 164 (Bkrtcy.C.D.Cal.1981.)

Under Colorado state law and under federal law it has long been held that exemptions are to be liberally construed. *In re Hellman,* 474 F.Supp. 348 (U.S.Dist.Ct.D. Colo.1979); *Sandburg v. Borstadt,* 48 Colo. 96, 109 P. 419 (1910). The Colorado Constitution, Section 1, Article XVIII expressly authorizes the General Assembly to pass liberal homestead and exemption laws.

■ Under the doctrine of marshaling, Avco, a creditor with a secured claim on the home as well as the boat, motor and trailer and the 1977 G.M.C. Truck, will be required to satisfy its lien first from the non-exempt items covered by its security interest. Marshaling in this manner will further the "fresh start" policy of the Bankruptcy Code and also the state and federal policies of liberally construing homestead and exemption laws.

Therefore, the Court finds that Avco Industrial Bank should satisfy its lien first from the Debtors' equity in the boat of $3,081.00 and then from the non-exempt portion of the 1977 G.M.C. Truck, which is $2,200.00, making a total of $5,381.00. This would leave a remainder of $22,400.00 debt still owed to Avco on the home. If upon sale the home brings $30,000.00 after payment to American Federal, the first mortgagee, $7,600.00 of that amount shall be exempt.

IT IS THEREFORE ORDERED that this Court's Order of November 16, 1982, with regard to the turnover of the Debtors' equity in the boat to the Trustee is vacated and the Trustee's Complaint for Turnover is hereby denied.