## FARMERS AND MERCHANTS BANK, Plaintiff,

v.

## Robert E. GIBSON, Trustee, Defendant.

### Bankruptcy No. 80–9093.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Sept. 27, 1984.

---

## MEMORANDUM OPINION UPON REMAND

N. SANDERS SAULS, Bankruptcy Judge.

Upon remand and after consideration of the additional memoranda and evidence adduced, it now appears that the subsequent foreclosures by the Bank and this court's further consideration of the exemption policies as to the homestead property involved renders the prior entered order directing marshaling moot. The bank has foreclosed upon the non-homestead individually owned tract of land without receiving payment of its outstanding debt in full. The remaining property mortgaged to the Bank is the homestead.

The effect of the prior order was to permit a marshaling by way of subrogation so that the creditor's representative, the trustee, might recover on the creditor's behalf from any surplus arising out of the Bank's foreclosure on the individually owned nonhomestead property as well as the homestead itself. No surplus developed upon foreclosure of the nonhomestead property. Reconsideration concerning the homestead dictates a conclusion that the acts complained of by the creditor's representative would be in the nature of independent wrongdoing not directly related to the claim of exemption itself for the homestead property. Not being conduct directly related to the right to claim the exemption itself, no loss of the right to such exemption can be sustained. As stated in 31 Am.Jur.2d *Exemptions* § 169:

> Exemption laws are designed for the honest debtor, and not for the dishonest or fraudulent. Thus, there may be such

fraud or misrepresentation on the part of the debtor as will defeat his claim to exemption. However, in order to defeat such claim, the fraud must be of a character such as affects the creditor's attachment or execution on the property, and not independent fraud.

Since the only property that remained without there being a surplus was the property which was exempt as homestead it is unnecessary at this juncture to make supplemental specific and additional findings as to the trustee's allegations, the evidence, and the court's prior determinations thereon concerning the actions of the stockholder and directors as to the failure to maintain corporate minutes, resolutions and other records, the kiting of checks and bookkeeping methods to conceal this procedure, the submission of false corporate and personal financial statements to various creditors, the advancements and transfers to another wholly owned and controlled corporation of substantial funds and assets while the subject corporation was in precarious financial circumstances, and the disappearance of the corporate books and records.

■ In appropriate cases, personal liability may result against the shareholders or directors of a corporation on behalf of the corporation itself and/or its creditors through suit on a corporate cause of action, through an action to disregard the corporate entity itself, or other appropriate remedy. See, 19 Am.Jur.2d, *Corporations*, §§ 1350, 1352, 1384, 1385; 8 Fla.Jur.2d, *Business Relationships*, §§ 21, 334, 336; *Skinner v. Hulsey*, 103 Fla. 713, 138 So. 769 (1931); *Forbes v. Auerbach*, 56 So.2d 895 (Fla.1952); *Levenstein v. Sapiro*, 279 So.2d 858 (Fla.1973); *Fenick v. Robertson*, 406 So.2d 1263 (Fla. 4th DCA 1981). But, even where such personal liability is established in an appropriate case, any judgment thereon, for misuse or waste or even for fraud or other inequitable conduct, could not attach to property otherwise exempt as homestead if such liability and judgment arose from matters independent of the establishment and right to the exemption itself. Stated another way, even if a creditor were to pierce a corporate veil and obtain a judgment, for example, for fraudulent acts in the conduct of corporate affairs, against a corporate stockholder or director, such a judgment, being based upon fraudulent acts independent of the establishment or claim to the exemption itself, would not defeat or become paramount to the claim of exemption to property which is homestead property.

■ Since the homestead exemption is not lost to a judgment holder upon liabilities independent to the exemption itself, the homestead may not be reached by such a judgment holder. While it appears that the courts in the State of Florida have not addressed the issue, the prevailing view is that a senior lien claimant may not be required to first satisfy its claim from exempt property which has been specifically pledged to such senior creditor in order to leave resort to other nonexempt property by a junior lienor who has recourse only against such nonexempt property. It is said that the application of the doctrine of marshaling in such circumstances "would result in placing on the exempt property a greater burden than that which has been placed thereon by the debtor himself or by the law, thus causing a nullification of the protection which the law provides for the debtor and his family. In other words, the right of the homestead or other exemption claimant is superior, or at least equal, to the right of the junior lienor to have the asset marshaled; therefore, the claim of the junior lienor will not be recognized." 53 Am.Jur.2d, *Marshaling Assets*, § 25.

In view of the foregoing the prior order should be vacated.