**FARMERS AND MERCHANTS BANK, Plaintiff,**

v.

**Robert E. GIBSON, Trustee, Defendant.**

**Bankruptcy No. 80–9093.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Oct. 9, 1984.

As Amended Oct. 24, 1984.

---

**ORDER VACATING PRIOR ORDERS**

N. SANDERS SAULS, Bankruptcy Judge.

In accordance with the memorandum opinion upon remand entered herein on September 27, 1984, 80 B.R. 81, the order entered herein on February 4, 1981, affirming, upon rehearing, the order entered December 4, 1980, 7 B.R. 437, should be vacated.

Subsequent to the entry of the aforesaid memorandum opinion it has come to the court's attention that the finding therein that the Bank had foreclosed upon the non-homestead individually owned tract of land is incorrect. That instead, the Bank's foreclosure judgment thereon that was obtained in the state Circuit Court was appealed to the First District Court of Appeals of Florida. As a result, said judgment has not yet been satisfied through a foreclosure sale of the subject property.

At a subsequent hearing on fees, however, the court has been informed that no surplus will exist upon any foreclosure sale of the non-homestead individually owned tract; and further that the trustee's only hope of any recovery would be by way of subrogation out of a surplus in the homestead property upon the Bank's resort thereto for the payment of the remaining balance still due it after its resort to the prior properties that it held as security left it unpaid in full. Accordingly, the prior erroneous finding becomes immaterial as the circumstances upon which the memorandum was based will remain unchanged.

The only surplus to which the trustee could possibly be subrogated under the Bank's lien in these circumstances would be the homestead. The nature of the trustee's causes of action would not permit him to directly resort to the homestead even armed with a judgment thereon. He could resort to the non-homestead tract but, as noted, its value will be consumed in partial payment of the Bank's outstanding claim. Although a surplus apparently would exist in the non-homestead property if the Bank first satisfied the remainder of its claim from the homestead, as was pointed out in the memorandum opinion, first resort to homestead property should not be required in view of the superior rights of the homestead claimant that non-exempt property be looked to first. As a result, a junior creditor cannot directly through marshaling by injunction or indirectly through marshaling

by way of subrogation nullify the protection the law provides a homesteader and such claimant's family.

In short, the trustee's only shot was the surplus that may have been in the other non-homestead property; in its absence his magazine must be emptied and his weapon stacked insofar as the homestead property is concerned.

It is, therefore,

ORDERED AND ADJUDGED that the prior orders entered on February 4, 1981, affirming the order entered December 4, 1980, be, and the same hereby are, vacated.