**In re Robert E. GIBSON, Appellant,**

v.

**FARMERS AND MERCHANTS BANK and James and Mary Peacock, Appellees.**

**No. TCA 84–7425–WS.**

United States District Court, N.D. Florida, Tallahassee Division.

Feb. 12, 1986.

See also, Bkrtcy., 81 B.R. 81.

Samuel J. Zusmann, Jr., Zusmann, Small and Stamps, Atlanta, Ga., for appellant.

T. Buckingham Bird, Monticello, Fla., Thomas B. Woodward, Tallahassee, Fla., for appellees.

STAFFORD, Chief Judge.

This cause is before this court on an appeal from the bankruptcy division. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

This is the second time this cause has been appealed to this court, therefore, the factual scenario which forms the basis for the original cause is well documented and does not require repetition. However, the procedural background has become somewhat complex and should be outlined.

The first appeal before this court was taken by the intervenors, James and Mary Peacock (Peacocks), after the bankruptcy court issued its original order (document 22), 7 B.R. 437 (Bankruptcy N.D.Fla.1980). The original order held that certain properties owned by the Peacocks constituted contributions to the capital of Bill Peacock Chevrolet, Inc. (Chevrolet). These properties included the personal residence of the Peacocks. The bankruptcy court determined that, under the equitable theory of marshaling assets, the trustee representing Chevrolet's general creditors (trustee) was entitled to be subrogated to the lien which

Farmers and Merchants Bank held on these properties. Upon appeal, this court determined that the factual findings of the bankruptcy court were ambiguous and insufficient to support its decision. This court, therefore, vacated the bankruptcy court's order and remanded the case to the bankruptcy court for further proceedings and factual findings. 81 B.R. 79.

Upon remand, a memorandum opinion was issued which stated that after further consideration of the memoranda and evidence and the exemption policies regarding homestead property, the bankruptcy court had determined that marshaling of the homestead property would not be proper. The bankruptcy court further held that, because all non-exempt property had already been foreclosed upon by the bank, any remaining questions concerning marshaling had become moot and further fact-finding was unnecessary. 81 B.R. 81. The bankruptcy court subsequently issued an order of dismissal and an order vacating its original order. 81 B.R. 83. In its vacating order, the bankruptcy court pointed out that it had learned that its earlier statement in the memorandum opinion which said that all non-homestead land had already been foreclosed upon by the bank was incorrect. Instead, the court explained, the foreclosure sale of some remaining non-exempt properties was still pending due to a delay resulting from an appeal before the Second District Court of Appeal. However, the bankruptcy court reported that even upon the sale of such remaining non-exempt property, the bank's liens on Peacock's property would not be satisfied without forcing foreclosure upon Peacock's homestead property. Therefore, the bankruptcy court concluded that the error in the findings in the memorandum opinion was immaterial and its opinion need not be changed.

The bankruptcy trustee has taken this appeal of the bankruptcy court's memorandum opinion and subsequent orders. Appellant, trustee, bases his appeal upon four arguments: (1) that the bankruptcy court erred in failing to apply the law of the case; (2) that the trustee has proven that the Peacocks controlled Chevrolet and that there was inequitable conduct; therefore, he is entitled to marshaling; (3) that the bankruptcy court's finding that the marshaling issue was moot was clearly erroneous; and, (4) that the homestead was contributed to the capital of Chevrolet and the trustee is thus entitled to marshaling.

In sum, trustee urges this court to find that the bankruptcy court failed to follow the law of the case and to issue an order requiring marshaling.

Appellees, Peacocks, argue that since the homestead exemption question was not addressed in this court's order of remand, the court is not required to apply the policy of law of the case as it relates to the homestead exemption. Therefore, they urge that further consideration of the state's homestead exemption is proper and such policy is so well established as to prevent marshaling from occurring. Further, they add, since no property remains other than homestead upon which appellant can marshal, the pursuit of an order of marshaling is moot. Notwithstanding the above, Peacocks argue that they have carried their burden in establishing the challenged transaction as being bonafide and that the appellant has failed to prove fraud or inequitable conduct on the Peacock's part.

## LAW OF THE CASE

The law of the case doctrine plays an important role in our judicial system. This self-imposed restriction is grounded upon the sound public policy that litigation must come to an end. *Lehrman v. Gulf Oil Corp.,* 500 F.2d 659 (5th Cir.1974). Simply stated, the doctrine requires courts to follow the findings of facts and conclusions of law made by the court of appeals in a prior appeal of the same case. *U.S. v. Robinson,* 690 F.2d 869 (11th Cir.1982). The doctrine has been extended by case law to further bar relitigation of all factors impliedly disposed of in the prior appeal, *Gulf Coast B & S Co. v. International Bro. of E.W., No. 480,* 460 F.2d 105 (5th Cir.1972), and of all matters decided in the prior appeal by "necessary implication," *Terrell v. Household Goods Carriers' Bu-*

*reau*, 494 F.2d 16 (5th Cir.1974). Otherwise, our system would have no finality and the same question could be relitigated and appealed over and over again. However, the reach and weight of the law of the case doctrine is not limitless. *Terrell*, 494 F.2d at 19. It is simply a judicial policy and does not carry the same consequences as the rule of *res judicata.* The doctrine is not an inexorable command that rigidly binds courts to their former decisions, especially when circumstances may warrant a re-examination of the earlier decision. *Id.* Further, the policy applies only to issues that were decided, and "does not include determination of all questions which were within the issues of the case and which, therefore, might have been decided." *Id.,* quoting from *Connett v. City of Jerseyville,* 110 F.2d 1015, 1028 (7th Cir.1940). The courts have specifically recognized exceptions to the application of the policy when: (1) a subsequent trial produces substantially different evidence, *Robinson*; (2) a controlling authority has since made a contrary decision of law applicable to that issue, *White v. Murtha*, 377 F.2d 428 (5th Cir.1967); or, (3) when the prior decision was clearly erroneous and would work manifest injustice, *U.S. v. McClain*, 593 F.2d 658 (5th Cir.1979), *cert. denied* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979).

 This court did not establish a law of the case in its previous opinion either expressly or by implication, other than that marshaling of assets is allowable if the facts support it. Instead, this court informed the bankruptcy court that its order was ambiguous and in need of further factual findings and determinations relating to the making of the notes and the bankruptcy court's finding of contributions to capital by the Peacocks. This court did not rule that marshaling was either appropriate or inappropriate and made no mention or reference to the homestead exemption and its relationship to marshaling. Realizing that a decision regarding marshaling is an equitable decision highly dependent upon the specific facts, this court left those matters to be decided after further factual hearings by the bankruptcy court. This court directed the bankruptcy court only to proceed further. Upon learning of some additional facts, the bankruptcy court felt that additional evidentiary presentations became unnecessary and reached its decision. Had this court directed the bankruptcy court to enter a final judgment in favor of one of the parties and then outlined the parameters of such a judgment, this decision might be different, because the law of the case relating to marshaling and the homestead exemption would have been discernable, with the bankruptcy court bound to follow it. However, to rule that the law of the case prevents the bankruptcy court in this case from making further equitable and legal determinations relating to marshaling and the homestead exemption would require considerable expansion of this court's prior opinion. Because this court will not expand the scope of its prior order, it must conclude that the doctrine of law of the case is not applicable here.

## MARSHALING HOMESTEAD PROPERTY

It being determined that the bankruptcy court embarked upon an acceptable path in its memorandum opinion, this court must next determine whether the bankruptcy court was correct in its findings that marshaling of the homestead was improper and that marshaling itself had become moot. The bankruptcy court had exercised its equitable powers in reaching the original conclusion that marshaling through subrogation was appropriate. After hearing additional facts and considering additional arguments, the bankruptcy court ruled against marshaling. The bankruptcy court attributed its change of position largely to the fact that there was no evidence of fraud by the Peacocks which was directly tied to the mortgaging of their homestead. With this in mind, the bankruptcy court weighed the equities involved in marshaling against the state's clearly articulated policy of protecting homesteads. Fla. Const., art. X, § 4; *Quigley v. Kennedy & Ely Ins. Co.*, 207 So.2d 431 (1968) mandate conformed to 208 So.2d 853 (3rd DCA 1968).

 

The bankruptcy court below faced two very difficult decisions which were clearly within its discretion based upon the various equities involved: (1) whether to treat the Peacocks' mortgaged personal property as contributions to capital of Chevrolet, and thereby enable them to be marshaled; and, (2) if so, whether to allow the exempt homestead property to be subject to marshaling.

 The bankruptcy court chose to tackle the latter issue first and found that the homestead should not be subject to marshaling. This finding renders the answer to the former question moot because without the homestead property there would be no benefit to marshaling.

The bankruptcy court was justified in reaching this decision. Since Florida has no clear policy in regard to marshaling homestead property, the court was free to weigh the equities as it felt appropriate. The court's ruling is well supported by the holdings of various courts. In *Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963), the United States Supreme Court recognized that the marshaling doctrine was not appropriate where the fund sought to be marshaled was exempt under state law. Similarly in *In re Bailey*, 176 F. 990 (D.Utah 1910), a state-legislated homestead exemption was held to be a superior equity which prevented marshaling of a bankrupt's assets. Many other courts have held that exempt property rights are superior to the rights of creditors to marshal assets. *See, e.g., Matter of Mills*, 40 B.R. 72 (Bankruptcy 1984) (North Carolina); *In re Chavez*, 26 B.R. 129 (Bankruptcy 1983) (Colorado); *In Re Leonardo*, 11 B.R. 453 (Bankruptcy 1981) (New York); *Bank of Luverne v. Turk*, 222 Ala. 549, 133 So. 52 (1930); *Sims v. McFadden*, 217 Ark. 810, 233 S.W.2d 375 (1950).

The fact that Florida's policy of protecting homestead property is constitutionally entrenched is a clear indication of the importance attached to that policy. Exceptions to the policy should be strictly construed. It is true that, as the bankruptcy court stated, "the application of the doctrine of marshaling ... 'would result in placing on the exempt property a greater burden than that which has been placed thereon by the debtor himself or by the law, thus causing a nullification of the protection which the law provides for the debtor and his family.'" (memorandum opinion, 81 B.R. at 82). After hearing extensive testimony, the bankruptcy court weighed the various equities and reached a decision favoring the preservation of the homestead exemption. Such a decision was appropriate. Since the exempt homestead property is not available for marshaling and all other personal properties would still not satisfy the debt owed to the bank, any further question concerning marshaling does indeed become moot.

Therefore, the decision of the bankruptcy court is AFFIRMED. Judgment accordingly.