**In re John P. HALE, Debtor.**

**Bankruptcy No. 90–00032.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

May 27, 1992.

Karen Specie, Gainesville, Fla., for Barnett Bank.

J. Michael Davis, Gainesville, Fla., for debtor.

Roy Blondeau, Asst. U.S. Atty., Tallahassee, Fla., & Larry Denney, Asst. U.S. Atty., Jacksonville, Fla., for FmHA & SBA.

Jim Bennett, Asst. U.S. Trustee, Tallahassee, Fla.

## ORDER ON MOTION TO MARSHAL ASSETS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter comes before the court on motion of Barnett Bank of Alachua (Barnett), an unsecured creditor of the debtor's estate [1], to require, based on the doctrine of marshaling, that Farmers Home Administration (FmHA) and the Small Business Administration (SBA), secured creditors, should first look to all of their security for full satisfaction of their respective claims before they receive distribution as unsecured creditors. Having considered the arguments of counsel, the filed memorandum of law, and for the reasons set forth below, we find that we must grant Barnett's motion.

FmHA and SBA, both secured creditors of John P. Hale, object to the Amended Plan of Reorganization which proposes to surrender the creditor's collateral to them as payment of their claims.

The FmHA claim in the amount of $167,435.10 is based on promissory note signed by John P. Hale, Earl L. Ference and D.M. Hale as makers. The note is secured by a mortgage on real property in Union County titled in the names of John P. Hale, Earl L. Ference and D.M. Hale as Tenants in Common. The estate and FmHA have stipulated to the appraised value of $252,000.00 for the property.

The SBA claim of $127,105.05, is based on a promissory note executed by John P. Hale and D.M. Hale and secured by a mortgage on real property in Alachua County with a stipulated value of $178,000.00. This property is titled in the names of John P. Hale and D.M. Hale as tenants in common.

FmHA and SBA argue that under the plan they receive only the interest of the debtor which equals an undivided interest in the property. Thus they argue pursuant to § 502(a) of the code, that their secured claims against the estate are less than the total of their claims and they are entitled to

share as unsecured creditors. Therefore, they request that their claims be bifurcated pursuant to § 506(a) allowing them to seek a deficiency from the estate.

Under the plan proposed, FmHA and SBA would be required to foreclose on the entire property, not just the estate's undivided interests, before establishing any deficiency claim entitled to distribution from funds available to other unsecured creditors of the estate.

## MARSHALING

■ The doctrine of Marshaling of assets applies when a senior lienor has a lien that covers two funds of the debtor while the junior lienor has recourse to only one of those funds. *In re Jack Green's Fashion For Men–Big and Tall., Inc.* 597 F.2d 130, 132 (8th Cir.1979), *citing Meyer v. United States* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). If the doctrine is applied, the senior lienor is required to exhaust the fund available to it exclusively before proceeding against the fund that is also available to the junior lienor. *Id.* Marshaling is an equitable doctrine which the federal courts of bankruptcy may apply in proper cases. *Id.* at 133 *citing Caplinger v. Patty*, 398 F.2d 471, 474 (8th Cir. 1968).

■ Generally, for the doctrine to apply there must exist: (1) two or more creditors of the same debtor; (2) the funds or assets in the hands of and owned by such common debtor; *Farmers and Merchants Bank v. Gibson*, 7 B.R. 437, 439 (Bankr.N.D.Fla. 1980) *vacated Peacock v. Gibson*, 81 B.R. 79 (N.D.Fla.1981); 53 Am.Jur.2d, *Marshaling Assets*, § 9; (3) a legal right in one of the creditors to resort to more than one fund while the other creditors may resort to only one fund; (4) no impairment of the senior creditor's right to complete satisfaction; and (5) absence of injustice to third persons. Frank W. Koger and Paula Acconcia, *Marshaling: A Fourth Act Sequel to Commercial Tragedies?*, 57 UMKC L.Rev. 205, 206 (1989).

---

**1.** There is no debtor in this case due to the fact that the debtor died after the petition for relief was filed. The estate is being administered by co-trustees.

## 1. *Standing as an Unsecured Creditor*

■ Traditionally, only a junior lienor may compel the marshaling of assets and generally courts have refused to extend this right to unsecured creditors in bankruptcy proceedings. *In re Atlas Commercial Floors, Inc.,* 125 B.R. 185, 188 (Bankr. E.D.Mich.1991); *In re Packard Properties, Ltd.,* 112 B.R. 154, 158 (Bankr.N.D.Tex. 1990); *In re Dealer Support Services Int'l,* 73 B.R. 763, 764 (Bankr.E.D.Mich. 1987); *In re Price,* 50 B.R. 226, 230 (Bankr. E.D.Mich.1985).

However, some courts have allowed unsecured creditors this relief treating them under the doctrine as lien creditors. *See In re Vermont Toy Works, Inc.,* 135 B.R. 762 (D.Vt.1991); *In re Tampa Chain Co. Inc.,* 53 B.R. 772 (Bankr.S.D.N.Y.1985); *Gibson,* 7 B.R. 437 (later vacated on other grounds, 81 B.R. 79); *Jack Green's Fashions for Men,* 65 B.R. 317 (W.D.Mo.1978); *Moser Paper Co. v. North Shore Pub. Co.,* 83 Wis.2d 852, 266 N.W.2d 411 (1978).

The bankruptcy court in *Jack Green's* granted the unsecured creditors request for marshaling assets when a secured creditor attempted to proceed against a bankrupt corporation's assets without first looking to other real estate subject to that creditor's lien. In that case the court expanded the availability of the marshaling doctrine to unsecured creditors based on the purpose of the doctrine to prevent a senior creditor from arbitrarily destroying the rights of a creditor that has less security. While the marshaling theory was originally designed to protect junior lienholders, it should not be applied to ignore unsecured creditors in bankruptcy. 4 Collier on Bankruptcy § 67.24[4] (14th ed. 1978).

Other courts have granted unsecured creditors standing to force marshaling based on 11 U.S.C. § 544(a) which grants the trustee or debtor in possession the rights and powers of a hypothetical judgment lien creditor. The bankruptcy court in *Tampa Chain,* 53 B.R. at 777, granted the trustee the authority to institute marshaling by stating that § 544(a)(2) of the code provides the trustee with the rights and powers of an unsatisfied execution debtor and "neither the language of the statute nor its legislative history gives the slightest indication that Congress contemplated that such strong arm rights and powers are not to apply in a marshaling context."

We agree with the *Jack Green's* and *Tampa Chain* line of cases and find that the estate's unsecured creditors have standing to raise the issue of marshaling.

## 2. *Common Property Requirement*

■ As mentioned, the property to be marshaled must be owned by the debtor for the doctrine to be properly invoked. In other words, the owner of the asset in question must be primarily liable for the debt giving rise to the claim. FmHA and SBA correctly assert that if the owner of the property was a guarantor or surety of the underlying corporate debt, marshaling would not be ordered absent (1) circumstances that would warrant piercing of the corporate veil or (2) treatment of the guarantee as contribution to the debtor's capitol. *Gibson,* 7 B.R. at 440. However, in this case D.M. Hale and Ference are co-makers of the debts, not guarantors or sureties. Accordingly, we find that the common property requirement is satisfied because the co-tenants are as obligated to the senior lienholders as the estate is.

## 3. *Absence of Injury to Creditor or Third Party*

■ Marshaling will be invoked "only when it will benefit the claimant without injuring others" such as the senior creditor and third parties. *Gibson* 7 B.R. at 440 *citation omitted.*

In this case FmHA and SBA (senior lienholders) argue that invoking the doctrine of marshaling is improper because to do so would result in prejudice and injury to FmHA, SBA and third parties, D.M. Hale and Ference, the co-obligors on the outstanding debts.

FmHA and SBA can easily satisfy the full amount of their claim against the real estate pledged as collateral for the notes through foreclosure actions because the co-

tenants of the property are also co-obligors on the notes. The delay involved in foreclosing its security is not the kind of injury to a senior creditor that would preclude a marshaling order. *In re Multiple Services Industries,* 18 B.R. 635, 637 (Bankr. E.D.Wis.1982). The senior lienors will not be injured by the marshaling order.

D.M. Hale and Ference likewise, cannot claim to be injured because they are primary obligors on the notes. D.M. Hale and Ference, like the estate, are obligated for the full amount of the debt. The order of marshaling will not put them in any worse position because their interest in the property secures their obligations to FmHA and SBA for the full amount of the debt. Therefore, we find that marshaling will not injure or prejudice the senior creditors or the third parties, D.M. Hale and Earl Ference.

## CONCLUSION

When FmHA and SBA made the loans giving rise to their respective claims, they each received a single note and mortgage. Instead of proceeding against all makers of the notes and all interests in the mortgaged properties they seek to proceed only against the interests of this estate forcing the unsecured creditors to pay the balance of the claims. This would leave the co-makers retaining their interests in the properties debt free.

If the FmHA and SBA are allowed to bifurcate their claims under § 506(a) based solely on the value of the estate's undivided interest in the collateral, the unsecured creditors will receive a significantly smaller share of the available funds. The result would be an inequitable squeezing-out of the general creditors due to the arbitrary action of the senior lienors and will benefit only the co-obligors.

As stated, the doctrine is an equitable one which may be applied unless the rights of others are prejudiced. In this case, FmHA, SBA, D.M. Hale and Earl Ference will not be unduly prejudiced when the doctrine is invoked. FmHA and SBA are adequately secured by the mortgaged property.

After balancing the competing interests of the parties, we find the marshaling of the assets in question is appropriate under the circumstances.

ORDERED AND ADJUDGED that:

1. Barnett Bank's Motion to Require the Marshaling of Assets be and same is hereby granted.

2. The claimants FmHA and SBA are ordered to seek satisfaction of their respective claims from the entire properties securing those claims prior to receiving any distribution as unsecured creditors of the estate.

3. If, after the completion of foreclosure proceedings there remains a deficiency, the SBA and FmHA shall be entitled to share in the distribution to unsecured creditors under the plan.

DONE AND ORDERED.