John S. Wise, et al., Plaintiffs in Error, *v.* John Shepherd, Defendant in Error.

### ERROR TO LAWRENCE.

Where there are two creditors of one debtor, the first having two funds to which he may resort for the payment of his debt, while the second creditor has but one, the first creditor shall resort to that fund which he alone can reach, and leave the other fund to the second creditor.

This principle does not extend to a case where one of two creditors has a lien for his debt upon two funds belonging to two separate debtors, and the other has a lien only upon a fund belonging to one of the debtors, so as to compel the first creditor to make his claim wholly out of that debtor which the other cannot reach, unless there should be some peculiar relations between the co-debtors, which would make it equitable that the debtor, having but one creditor, should pay the whole demand against the two debtors.

Equity will not sanction a principle which, though just to creditors, is inequitable to debtors.

The assignee of a judgment is subject to the same equities which, as to third parties, would be enforced against the judgment creditor. In equity, a judgment creditor is bound to make his debt from the principal, if he can find sufficient property to do so, before resorting to the property of the surety.

A junior judgment creditor cannot strengthen his rights by purchasing a senior judgment, so as to cut off an intervening mortgage, executed by one of the senior judgment debtors, who became such debtor by reason of being a surety; but the assignee of the senior judgment shall first apply the money made from the estate of the principal of that debt in satisfaction of the senior judgment instead of the junior, so that the premises mortgaged by the surety, may be relieved from the incumbrance of the senior judgment.

The decree in this case was rendered by Harlan, Judge, at September Term, 1851, of the Lawrence Circuit Court.

Shepherd filed his bill to marshal assets, and have the proceeds of sales of certain lands entered in satisfaction of the judgment of Ross, against David Price, and a certain tract of land purchased of said Price by Shepherd, released from all lien of said judgment.

4 *

The case presented by the bill is this :

In October, 1840, Ross obtained two several judgments for $605.27 each, and costs. One against J. B. Shaw, the principal; the other against D. Price, as security for the same debt.

Subsequent to the judgment, on the 14th October, 1840, said Price executed a mortgage to James Gibson of location number 1, township 4 north, range 10 west, containing 25 acres, which was duly acknowledged and recorded on the 29th December, 1840.

At the April term, 1841, John, William J., and Samuel Wise recovered a judgment against said J. B. Shaw for the sum of $1,491.05.

On the 6th of November, 1846, an execution in favor of Ross, and against Shaw, was levied upon three tracts of land, containing 339.14-100 acres, and his undivided half of five tracts, containing 352.33-100 acres, his half being 176.16-100; and in all, 515.30-100 acres.

On the same day, execution in favor of the Wises against Shaw, was issued and levied on the same lands.

At the April term, 1847, James Gibson recovered judgment against said Price, by foreclosure of the mortgage by bill in chancery.

On the 9th September, 1847, execution on Ross's judgment, against said Price, was issued and levied on the mortgaged premises.

Said premises were sold under the foreclosure, on the 27th September, 1847, and bought by said Shepherd.

And on the 30th of October, 1847, said premises were sold under the execution in favor of Ross, against Price, and bought by said Wises for $125.

That the lands of Shaw, levied on by the executions of Ross and of the Wises, were sold before the sale of Price's land by Ross's execution.

That the proceeds of the said sale were applied to pay off the remainder of the judgment against Shaw, after deducting the amount of Price's land, and the remainder of the proceeds were applied towards the satisfaction of the Wises' judgment against Shaw.

That the proceeds were more than sufficient to have discharged the debt of Ross against Shaw; and if they had been so applied, as they should have been, it would have saved Price's land, and perfected Shepherd's title.

Bill alleges that this should have been the application; but that the Wises bought the judgments of Ross against Price and Shaw, and made the applications of proceeds as above. Prays that application of proceeds be made, so as to save Price's lands, and Shepherd's title by purchase.

Decree accordingly, upon demurrer to bill.

Plaintiffs assign for error:

*First.* The application of the proceeds of sale of lands of Shaw, in full satisfaction of Ross's judgment.

*Second.* Court vacated the sale of Price's land, and ordered satisfaction to be entered on Ross's judgment against him.

*Third.* Court rendered decrees conformable to prayers of the bill, and for costs against plaintiffs.


W. B. Scates and A. Kitchell, for plaintiffs in error.


The general maxim in relation to marshalling assets, is *In æquali jure, melior est conditio possedentis* — where equity is equal, the law shall prevail — and he that hath only a title in equity, shall not prevail against law and equity. Francis's Maxims, Max. 14; Fonbl. Eq. 515, 516, 517.

It is a general rule, that when one party has a remedy against two funds, equity will not allow the exercise of his option to disappoint another just claimant who has only one fund to which he can resort. For various instances of the application of this rule, see Aldrich *v.* Cooper, 8 Ves. R. 382; Hawley *v.* Mancius, 7 Johns. Ch. R. 184; Ex parte Kendall, 17 Ves. R. 520; Lagittary *v.* Hyde, 1 Vern. R. 455; Dorr *v.* Shaw, 4 Johns. Ch. R. 17, 20; Evertson *v.* Booth, 19 Johns. R. 486; Brinkerhoff *v.* Marvin, 5 Johns. Ch. R. 328; Cheesbraugh *v.* Willard, 1 Johns. Ch. R. 412; Woolcocks *v.* Hart, 1 Paige, R. 185; Clifton *v.* Burt, 1 Peere Williams, 678, and note 1 to 679; Robinson et al. *v.* Tonge & Dunn, 3 Peere Williams, 397; Wright *v.* Simpson, 6 Ves. Jr. 737, note, third proposition; Trunmer *v.* Bayne, 9 Ves. Jr. 209.

A creditor has a right to protect himself by advancing a prior creditor's debt, and taking the benefit of his lien. Brinkerhoff v. Marvin, 5 J. C. 328; Fonbl. Eq. 515, 516, 517; Cheesebraugh v. Willard, 1 Johns. Ch. R. 442; Evertson v. Booth, 19 Johns. R. 486; Woolcocks v. Hart, 1 Paige, R. 185; and where he has two funds on two separate debtors, the creditor of one cannot compel him to resort to the one alone. Ex parte Kendall, 17 Ves. R. 520; Dorr v. Shaw, 4 Johns. Ch. R. 17, 20.

Here a junior judgment incumbrancer, having a lien on one of two funds, in order to protect himself advanced the prior judgment creditor his debt, and sold the fund under it, on which his judgment was not a lien; and in order to have his own satisfied out of the sole fund reached by his own, a junior mortgagee and judgment creditor on that fund, asked the assets to be so marshalled as to take away this equity. The question here is equity against equity, in which case, possession ought to prevail.

C. CONSTABLE, for defendant in error.

The judgment of Ross against Shaw was a lien on the lands of Shaw, prior to the rendition of the judgment in favor of Wise against Shaw, and should, of necessity, have been first discharged. Rev. Sts. 1845, chap. 57, sec. 1; Reed v. Reed, 1 Watts & Serg. 235.

The judgment of Ross against Shaw, being much the oldest, should have been first satisfied, although the lands were also levied upon by virtue of the execution in favor of Wise against Shaw. Jennings v. Dennis, 6 Smedes & Marsh. 379; Friar v. Ray, 5 Mis. 510; Lemon v. Staats, 1 Cowen, 592; Ferguson, Thomas and Anderson, v. S. J. and S. L. Williams, 3 B. Monr. 302; Religious Society v. Hitchcock, 2 Browne, 333.

A surety is entitled to have his contract executed according to its terms, and in strict conformity with law as applicable thereto; and all persons claiming by, through, or under him, succeed to his rights, whenever incidentally affected by such contract.

The Wises, as the purchasers and owners of Ross's judgments against Price and Shaw, took them, subject to all the equities and adverse rights of others, against Ross, as growing out of, or inci-

dent to them.    They, therefore, took the judgment against Price, subject to his equity, to have the moneys raised on the sale of Shaw's land, applied to the satisfaction of the judgment against Shaw, for which debt he was surety, and not diverted and applied to the satisfaction of the Wises' judgment against Shaw, which was some six years junior; and the act of the Messrs. Wise, in directing an application of the proceeds of Shaw's lands to their junior judgment, was a fraud on the rights of Price and those claiming under him, &c.    In support of this, I need only quote the authorities in support of the second point noted by plaintiffs in error in their briefs submitted, &c.

This case is to be regarded as if Gibson, a creditor of Price, on the one hand, were seeking relief against Ross, also a creditor of Price, but who has another security — the lands of Shaw, Price's principal — to make his debt; and, when thus viewed in its true light, no question can exist as to the propriety of the adjudication herein, in the court below.

1 Story's Equity Juris. §§ 633, 634, the last of which is directly in point.    See also what follows, under chap. 13.

TRUMBULL, J.    The case presented by the bill, is this.    In October, 1840, Ross obtained two several judgments for $605.27 each, and costs — one against J. B. Shaw, the principal; the other against D. Price, his security for the same debt.

Subsequent to these judgments, Price executed a mortgage to James Gibson, of location No. one, township 4 north, range 10 west, containing twenty-five acres, which was duly acknowledged and recorded December 29, 1840.    In April, 1841, the Wises recovered a judgment against Shaw for $1,491.05.    In November, 1846, alias executions were issued upon the judgments against Shaw, and levied upon various tracts of land owned by him, which were subsequently sold, and the proceeds applied upon the judgments in favor of the Wises, leaving the older judgment in favor of Ross, of which the Wises had at that time become the owners, wholly unsatisfied.    In April, 1847, Gibson foreclosed his mortgage against Price; and in September of the same year the mortgaged premises were sold under the decree of foreclosure, and purchased by the complainant, Shepherd.    In the month of

October following, the same premises were sold on an execution issued upon the judgment against Price as security for Shaw, and purchased in by the Wises. The proceeds of Shaw's property applied upon the judgment in favor of the Wises, were more than sufficient to have paid off the Ross judgment; and the object of the bill was to have them so applied, thereby relieving the property mortgaged from the lien of Ross's judgment, and securing the same to the complainant, by setting aside the sale made on the execution issued upon the judgment.

The Circuit Court overruled a demurrer to the bill, and defendants declining to answer further, entered a decree upon bill and exhibits granting the relief sought.

The rendering of this decree is now assigned for error. The contest is between parties, both of whom have just claims, which ought to be satisfied. The question, then, is, who has the superior equity to subject the property mortgaged by Price to the payment of his debt; the mortgagee or the Wises? for if the sale made under the execution issued upon the Ross judgment is permitted to stand, it is in effect permitting the Wises to obtain satisfaction of their judgment against Shaw out of Price, at least to the extent of the value of the property of Price taken in satisfaction of the Ross judgment. It is clear that the Wises possessed no other or greater rights over the property of Price than did Ross, from whom they purchased the judgment. As between Ross, Shaw, and Price, Shaw was bound in equity to pay the debt to Ross. Price was the mere security for Shaw, and ought not in justice to have his property subjected to the payment of his principal's debt, while the principal has property of his own, subject to the same debt, amply sufficient to discharge it.

According to the authority of the cases of Ex parte Kendall, 17 Ves. 520, and Dorr v. Shaw, 4 Johns. Ch. R. 17, the Wises could not have compelled Ross to satisfy his demand against Shaw and Price out of the property of the latter, so as to leave the estate of the former to be applied in satisfaction of their judgment, because it would be unjust, as between Price and Shaw, to compel the former to pay the debt of the latter.

It is a familiar principle, that where there are two creditors of one debtor, the first having two funds to which he may resort for the satisfaction of his debt, and the second only being able to reach one of the funds, the first shall resort for satisfaction of his debt to that fund which he alone can reach, and thus leave to the junior creditor the only means he has for obtaining payment of his demand. This course is equitable as to all parties, and does injustice to none. Lanoy *v.* Duke of Athol, 2 Atk. 446; Everton *v.* Booth, 19 Johns. 492; Hayes *v.* Ward, 4 Johns. Ch. R. 132. But this principle, as shown by the cases of Ex parte Kendall, and of Wood *v.* Shaw, has never been extended to a case where one of the two creditors has a lien for his debt upon two funds belonging to two separate debtors, and the other has a lien only upon the fund belonging to one, so as to compel the first to make his debt wholly out of that debtor whom the other creditor cannot reach, unless the relation between the debtors be such as to make it equitable that the debtor having but the one creditor should pay the whole demand against him and his co-debtor, and thus leave the property of his co-debtor free to be taken in satisfaction of the claim against him alone. Gibson comes within the exception. He held a mortgage upon the real estate of Price, against whom and Shaw, Ross had previously obtained a judgment, which was a lien upon the real estate of both the debtors. Price, however, was a mere security for the debt due Ross, and as between these parties it would be equitable all round, that Ross should first exhaust the property of Shaw before going upon that of Price, or if Price was compelled in the first instance to pay the debt to Ross, he would then be entitled to the control of the judgment against Shaw for the purpose of reimbursing himself, what he had been obliged to pay as his security. Not so, however, with the Wises. Their relation to the debtors Shaw and Price was entirely different from that of Gibson. Their judgment was against Shaw, the principal in the debt to Ross, and it would be doing the grossest injustice to Price to compel him to pay the debt to Ross, for the purpose of leaving Shaw's property free to be applied in satisfaction of another debt which he owed the Wises. Ebenhardt's Appeal, 8 Watts & Serg. 327.

The Wises doubtless ought to have satisfaction of their debt, but equity will never sanction a principle which, though it may do justice to creditors, will work iniquity to debtors.

There is another reason why the complainant, who is substituted in the place of Gibson, the mortgagee, and is to be regarded as the purchaser of the mortgaged premises at the date of the mortgage, has the better equity. The mortgage is of an earlier date than the judgment against Shaw, in favor of the Wises. At the time the mortgage was executed, the premises were subject to the lien of the judgment in favor of Ross, and the equities, as between Ross and Gibson, who were the only persons that then had claims against Price, evidently were, that Ross should resort in the first instance to the property of Shaw, the principal, and if possible make his claim out of his estate. The right of Gibson to insist that Ross should first resort to the property of Shaw, before touching the mortgaged premises, had attached before the Wises obtained their judgment; and that right could not be divested either by a transfer of the Ross judgment to the Wises, or by their obtaining a subsequent judgment against Shaw. Reynolds *v.* Tooker, 18 Wend. 591; Neef *v.* Miller, 8 Barr, 347.

The equity contended for by the Wises, did not arise till after that of Gibson had become fixed, and it could not be permitted to prevail without overturning his prior, and therefore better equity. He stands in the position of the first purchaser of part of the real estate of a judgment debtor, in which case the creditor may be required to sell, in the first instance, that portion of the debtor's estate still remaining in his hands; and where there have been several sales by the debtor at different periods, the creditor may be required to sell in the inverse order of the alienations. Gill *v.* Lyon, 1 Johns. Ch. R. 446; Clowes *v.* Dickenson, 5 Johns. R. 235; James *v.* Hubbard, 1 Paige, 228.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*