**In re RICH SUPPLY HOUSE, INC., Debtor(s).**

**Bankruptcy No. 82 B 5696.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 25, 1984.

Dannen, Crane, Heyman & Haas, Chicago, Ill., for corporate debtor, Rich Supply House, Inc.

Francis Kevin Murnighan, Chicago, Ill., for creditor, North Shore Nat. Bank, Chicago.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This proceeding comes on the motion of North Shore National Bank of Chicago (hereinafter "North Shore"), for a turnover of funds held by Bernard Chaitman (hereinafter "Trustee") as Trustee for the estate of Rich Supply House, Inc. (hereinafter "corporate debtor"). The Trustee responds by requesting an order directing North Shore to first proceed against nonestate property under the Doctrine of Marshaling of Assets. The issue before this court was whether the Trustee of the corporate debtor is entitled to an order marshaling the

assets of Stephen Rich, the personal guarantor, of the indebtedness of the corporate debtor to North Shore, which would require North Shore to foreclose upon the assets pledged by the guarantor before seeking satisfaction from the assets of the corporate debtor.

## II

The parties stipulate to the following facts. From December of 1980 to October of 1981, the corporate debtor executed four notes to North Shore. At present, the total amount owed on these notes exceeds $37,-000. It is believed that North Shore holds a perfected first lien on all the following collateral as security for the note:

(1) All the inventory, equipment, accounts receivable, and proceeds thereof of the corporate debtor;

(2) A 1980 Trailmobile, Serial No. V 31538; and

(3) A collateral assignment of the entire beneficial interest of North Shore Trust No. 323 (hereinafter "Trust No. 323") of which Stephen Rich is the sole beneficiary. Additionally, the parties stipulate that the funds received by the corporate debtor pursuant to the aforementioned note were used by the corporate debtor as working capital for the operation of its business. Moreover, the notes were personally guaranteed by Stephen Rich, the sole shareholder and president of the corporate debtor.

On April 30, 1982 the corporate debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. At that time the corporate debtor was deemed a debtor-in-possession. On or about May 26, 1982, the corporate debtor entered into an agreed order with North Shore, whereby North Shore received replacement liens in the accounts receivable, inventory and proceeds thereof of the corporate debtor.

From January 1979 to November 1983, Stephen Rich, acting not as a corporate officer, but individually, executed three notes to North Shore. The amount owed on these personal notes is in excess of $19,000. Further, North Shore holds the following collateral as security for the notes executed for Stephen Rich.

(1) A collateral assignment of the entire beneficial interest of Trust No. 323. Stephen Rich is the sole beneficiary of the trust which is valued at approximately $120,000; and

(2) A mortgage on the real estate commonly known as Unit 20D, 40 E. Cedar, Chicago, Illinois (hereinafter "40 E. Cedar mortgage").

On December 1, 1982 Stephen Rich filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Stephen Rich was deemed a debtor-in-possession and he continues to administer the affairs of his estate. Thereafter, on September 15, 1983, this court entered an order converting the Chapter 11 bankruptcy of the corporate debtor to a Chapter 7 proceeding. After the conversion, Bernard Chaitman was appointed Trustee and continues to administer the assets of the estate of the corporate debtor.

North Shore seeks to compel the Trustee of the corporate debtor to turn over certain funds against which North Shore holds a secured claim, totalling approximately $37,-000. In response, the Trustee requests this court to order North Shore to marshal assets which would require North Shore to proceed first against the assets of Stephen Rich which were pledged to secure the notes executed by Stephen Rich. The security for these notes was:

(1) The collateral assignment of the entire beneficial interest in Trust No. 323; and

(2) The 40 E. Cedar mortgage.

Therefore, this court must decide whether a secured creditor of a corporate debtor in bankruptcy must marshal assets of the guarantor of the corporate debtor who is an individual debtor in bankruptcy.

## III

 The Equitable Doctrine of Marshaling of Assets provides that:

Where there are two creditors standing in equal equity, one of whom who has

security upon two funds, and the other upon only one of the two, the former is required to proceed primarily against the funds upon which the latter has no claim. *Boone v. Clark*, 129 Ill. 466, 480–81, 21 N.E. 850 (1889). Under Illinois law, marshaling can be invoked where two funds are in the hands of a debtor common to both creditors. *Boone v. Clark*, 129 Ill. 466, 481, 21 N.E. 850 (1889); 53 Am.Jur.2d *Marshaling Assets*, Section 9 at 15 (1970). The prerequisite nature of the common debtor factor is reflected by the fact that:

> Inasmuch as a corporation is an entity distinct from its shareholders, as between a junior creditor of the corporation and a senior creditor who can also resort to the stockholders the necessary condition of a common debtor does not exist.

53 Am.Jur.2d *Marshaling Assets*, Section 10 at 16. However, it appears that the general rule that assets can be marshaled only among creditors of a common debtor is subject to exception where independent and separate equities exist. *Wise v. Shepherd*, 13 Ill. 41, 47 (1851); 53 Am.Jur.2d *Marshaling Assets*, Section 9 at 15; *See also, DuPage Lumber & Home Imp. v. Georgia Pacific Corp.*, 34 B.R. 737, 740–1 (N.D.Ill.1983) (noting that facts which sustain a piercing of the corporate veil will qualify as an exception to the common debtor requirement of marshaling). Moreover, marshaling does not apply where prejudice results to the senior creditor. *Boone v. Clark*, 129 Ill. 466, 481, 21 N.E. 50 (1889) (noting that marshaling would not apply where delay results to prior creditor or where marshaling prevents him from realizing his whole debt, or where marshaling impairs his security). The party seeking marshaling must demonstrate that he is entitled to the equity sought, and that the rights of his co-creditor will be neither endangered nor injuriously affected. 53 Am.Jur.2d *Marshaling Assets*, Section 41 at 33–4. Further, marshaling is applicable only where it can be equitably fashioned as to all the parties. *In Re Leonardo*, 11 B.R. 453, 455 (W.D.N.Y.1981).

 In the instant case, the stipulated facts indicate that the funds held by the trustee are property of the estate of the corporate debtor and that the beneficial interest in Trust # 323 is property of the estate of Stephen Rich. Since the two funds are not held by a common debtor, North Shore should not be compelled to marshal assets. *Boone v. Clark*, 129 Ill. 466, 21 N.E. 850 (1889). Nevertheless, marshaling may be applicable where independent and separate equities exist. Facts sufficient to sustain a piercing of the corporate veil may establish independent and separate equities which may overcome a deficiency in the common debtor requirement. *In Re United Medical Research, Inc.*, 12 B.R. 941, 944 (Bankr.C.D.Cal.1981); *DuPage Lumber & Home Imp. v. Georgia Pacific Corp.*, 34 B.R. 737, 741 (N.D.Ill. 1983); *Farmers & Merchants Bank v. Gibson*, 7 B.R. 437, 440 (Bankr.N.D.Fla.1980). However, the stipulated facts of the case at bar do not indicate fraud, inequitable conduct by the corporate debtor or Stephen Rich, or any other basis to pierce the corporate veil.

Relying principally on *Farmers & Merchants Bank v. Gibson*, 7 B.R. 437, 441 (Bankr.N.D.Fla.1980), trustee contends that a pledge of individual assets to secure a working capital loan made by a corporate entity establishes a contribution to corporate capital. The trustee, therefore, argues that Stephen Rich allegedly contributed Trust # 323 and the 40 E. Cedar mortgage to corporate capital. The trustee concludes that this alleged contribution to capital establishes sufficient independent and separate equities to remedy a shortcoming in the common debtor requirement.

Apparently, the basis for finding a contribution to capital in *Farmers* was that trade creditors should be able to rely on the appearance of adequate working capital. However, this court is of the opinion that Illinois law would require at least a more specific showing of reliance upon the individual assets of the shareholder or corporate officer by the trade creditors before upsetting the subtly balanced equities of marshaling. *In Re Plad Inc.*, 24 B.R. 676, 679 (Bankr.N.D.Tenn.1982); *In Re United Medical Research, Inc.*, 12 B.R. 941, 943 (Bankr.C.D.Cal.1981). In the instant case,

there was no showing whatsoever that trade creditors of the corporate debtor relied upon the assets of Stephen Rich in extending supplies or services to the corporate debtor on credit. In the absence of a more specific showing of reliance by trade creditors, there is no basis for finding that the trade creditors of the corporate debtor have a paramount right to the assets of Stephen Rich. As a result, no reason exists to benefit the creditors of the corporate debtor to the detriment of the creditors of Stephen Rich. Therefore, this court concludes that the pledged individual assets of Stephen Rich cannot be treated as a contribution to the capital of the corporate debtor.

In summary, the equitable doctrine of marshaling requires that two funds be held by a common debtor. In the present case, the common debtor requirement has not been met. Further, the trustee has failed to allege or prove independent and separate equities which would overcome this deficiency. Accordingly, the motion for turnover of North Shore is granted, and the motion for marshaling of assets of the trustee is denied. Counsel for North Shore is to furnish a draft order in accordance with this opinion within five (5) days.