**David R. HERZOG, Trustee in Bankruptcy, Plaintiff–Appellant,**

v.

**NBD BANK OF HIGHLAND PARK, Barry J. Millman and William C. Millman, Defendants–Appellees.**

No. 95 C 7526.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 15, 1996.

---

David Jonathan Wolf, Layfer, Cohen & Handelsman, Ltd., Chicago, IL, for Plaintiff–Appellant.

## *MEMORANDUM OPINION AND ORDER*

NORDBERG, District Judge.

Appellant David Herzog, Trustee in Bankruptcy ("Trustee"), appeals the November 9, 1995 decision dismissing Trustee's adversary proceeding entered by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in case number 95 A 509. The Bankruptcy Court ruled that the Trustee failed to state a claim that, under a theory of equitable marshalling, the Court should require appellant NBD Bank of Highland Park ("NBD") to satisfy its debt out of a certificate of deposit securing the debt, leaving property in the bankruptcy estate available for distribution to creditors. In this appeal, Trustee seeks the reversal of the Bankruptcy Court's May 9, 1995 order denying marshaling and dismissing Trustee's ad-

versary complaint. This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

## I. Statement of Facts

On March 17, 1993, Debtor Milbar, Inc. ("Milbar") entered into a $50,000 loan agreement with NBD Bank of Highland Park ("NBD") secured by specified assets. The loan was further secured by a personal guaranty of Barry Millman, the principal of Debtor, who pledged his personal residence as security for his guaranty.

On July 26, 1993, Milbar and NBD entered into an additional loan agreement in the amount of $25,000, secured by the assets and guarantee securing the March 17, 1993 loan as well as a $50,000 NBD certificate of deposit, NBD certificate number 40844664–003 ("CD"). The loan documents indicate the CD was the "property of Borrower", Milbar. However, Barry Millman and his son, William Millman, state that the CD belonged to William, son of Barry Millman.

Milbar voluntarily filed for bankruptcy under Chapter 7 of the Bankruptcy Code on January 18, 1994. NBD filed its claim as a secured creditor in the amount of $67,500, the unpaid portion of the March 19, 1993 and July 26, 1993 loans to Milbar. Pursuant to Trustee's motion, the Bankruptcy Court entered an order directing the Trustee to make a payment of $17,500 to NBD in partial satisfaction of its secured claim, leaving $50,000 of its claim unsatisfied.

Trustee then filed this action, an adversary complaint, seeking to require NBD to satisfy the remainder of its claim out of the CD, rather than the assets of Milbar, now part of the bankruptcy estate, leaving those assets to be distributed to unsecured creditors with claims against the bankruptcy estate.

On November 9, 1995, the Bankruptcy Court entered an Order dismissing the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bankruptcy Court found that the Trustee failed to plead that the "single debtor rule", a required element of marshaling, is satisfied or that an exception recognized under Illinois law applies. The Bankruptcy Court further found that an exception to the single debtor rule that

Trustee sought to apply, one recognized in *Moser Paper Co. v. North Shore Publishing Co.*, 83 Wis.2d 852, 266 N.W.2d 411 (1978), is not recognized under Illinois law. The Bankruptcy Court ruled that *Moser* was "incorrectly decided and certainly not the law of this circuit or this district." Tr.Bankr.Ct. Proceedings, Nov. 9, 1995 at 4.

The Trustee now argues the Bankruptcy Court erred in finding that the exception recognized in *Moser* should not be recognized under Illinois law and also that the "contribution to capital" exception, which the Bankruptcy Court found is recognized under Illinois law, should be applied.

## II. Standard of Review

The district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). The district court reviews the factual findings of the bankruptcy court for clear error, but reviews the legal conclusions *de novo.* Fed. R.Bankr.P. 8013; *In re Rivinius, Inc.,* 977 F.2d 1171, 1175 (7th Cir.1992).

The Bankruptcy Court dismissed Trustee's adversarial complaint pursuant to Rule 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *See Adams v. Cavanagh Communities Corp.,* 847 F.Supp. 1390, 1396 (N.D.Ill.1994). In order to survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly,* 747 F.Supp. 451 (N.D.Ill.1989). The complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.,* 758 F.2d 203, 207 (7th Cir.1985).

The Court must accept as true all well pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230,* 991 F.2d 1316, 1324 (7th Cir.1993). However, the Court need not accept as true

conclusory legal allegations. *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir.1994). When evaluating the legal sufficiency of a plaintiff's actual allegations, courts are held to a strict standard. A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1994).

## III. Discussion

Equitable marshaling "rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Meyer v. United States,* 375 U.S. 233, 236, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963) (quoting *Sowell v. Federal Reserve Bank,* 268 U.S. 449, 456–57, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925)). In applying marshaling, the Court must consider the rights of all who have an interest in the property, including the debtor, and the doctrine should be applied "only when it can be equitably fashioned as to all of the parties." *Id.* at 238, 84 S.Ct. at 321.

Marshaling may be applied where three elements are present: (1) two secured creditors of a common debtor, (2) two or more funds belong to that debtor ("the single debtor rule"), and (3) the paramount creditor has the right to resort to either or both funds, while the junior creditor may resort only to one. *Boone v. Clark,* 129 Ill. 466, 480–81, 21 N.E. 850 (1889); see also *Meyer,* 375 U.S. at 233, 84 S.Ct. at 319. In addition to showing these elements are present, the party seeking to invoke marshaling also must demonstrate that marshalling would not impose an undue hardship on the senior lienholder. *In re Rich Supply House, Inc.,* 43 B.R. 68, 70 (Bankr.N.D.Ill.1984); *Topcon Instrument Corporation of America v. West Coast Optical Instruments, Inc., et al.,* 89 B.R. 198, 200 (Bankr.M.D.Fla.1988).

In general, the single debtor rule bars marshaling when the singly-charged fund is in the hands of a shareholder of the debtor or in the hands of a surety. *DuPage Lumber & Home Improvement Center Co., Inc. v. Georgia–Pacific Corp.,* 34 B.R. 737, 740 (N.D.Ill.1983); *Rich Supply House,* 43 B.R. at 70; 53 Am.Jur.2d Marshaling Assets, § 10 at 16. However, several exceptions to the rule have been widely-recognized by the courts: (1) where the corporation is an alter ego of the corporate guarantor and the court "pierces the corporate veil"; (2) where the guarantor shareholder has committed fraud or other inequitable conduct; and (3) where the pledged asset is found to be a contribution to the capital of the corporation. *Id.* at 741; Tr. Bankr. Ct. Proceedings, Nov. 9, 1995 at 3. A few courts have also held that where the fund is in the hands of a shareholder or principal and the fund secures a debt to the corporation, as opposed to merely securing the guarantee of the shareholder or principal, the single debtor rule does not bar marshaling. See *Moser Paper Co. v. North Shore Publishing Co.,* 83 Wis.2d 852, 266 N.W.2d 411 (1978).

The Bankruptcy Court found that the single debtor rule is not satisfied; noting that the Trustee does not contest this finding, the Court finds that the Bankruptcy Court is correct. The pledged CD is not the property of the debtor, Milbar. Therefore, the two funds, the assets of Milbar and the CD, are not in the hands of a single debtor. Milbar owns the assets, someone else owns the CD. (As will be further discussed below, the CD is not the property of Barry Millman, the guarantor of the debt, but instead of William Millman, Barry's son.)

Trustee concedes that the two funds are not in the hands of a single debtor, but argues the Court should apply the exception recognized in *Moser* or the contribution to capital exception.

Trustee first argues the *Moser* exception should be recognized under Illinois law and applied in this action. In *Moser,* the Wisconsin Supreme Court held that the single debtor rule should not bar marshaling where the funds in question were in the hands of principal shareholders of the debtor and the funds were pledged as security for the debt. *Id.* at 418. The *Moser* court reasoned that the

single debtor rule applies "only in 'the ordinary case' and that there [are] 'additional equitable considerations ... which must be considered.'" *Id.* at 417 (quoting *C. Gotzian & Co. v. Shakman,* 89 Wis. 52, 61 N.W. 304, 306 (1984)). Noting that the loans secured by the funds in question were used for working capital for the business, the court found that, in equity, the funds placed in security of loans to the corporate debtor should be considered contributions to capital. *Id.*

*Moser* has not been well-received by other courts, more often being the subject of criticism than praise. *West Coast Optical Instruments, Inc.,* 89 B.R. 198 (Bankr.M.D.Fla. 1988). Aside from courts applying Wisconsin law, *Moser* has been followed by only one court, *Farmers & Merchants Bank v. Gibson,* 7 B.R. 437, 441 (Bankr.N.D.Fla.1980), rev'd on different grounds, 81 B.R. 79 (N.D.Fla.1981), and a more recent Florida decision, *West Coast Optical,* 89 B.R. 198, rejects *Moser.* However, neither the Seventh Circuit nor an Illinois court has decided whether to follow *Moser.*[1]

■ Agreeing with the critics of *Moser,* the Court finds that Illinois law does not recognize this exception to the single debtor rule. It is well-established that funds securing a surety are not subject to marshaling. The *Moser* court draws a distinction based on whether the funds directly secure a debt or merely the surety: Where the funds secure the surety, the single debtor rule bars marshaling; where the funds secure a debt directly, the single debtor rule does not bar marshaling. However, the *Moser* court fails to explain why this distinction matters in the context of marshaling. The court discusses how a surety pledging security for a loan may help debtor attract further credit, such as from trade creditors, especially where the loan is used as working capital. *Moser,* 266 N.W.2d at 418. But the court does not explain why this effect would be any greater where the pledged funds secure the debt directly rather than only the surety or why an exception should be made to the well-settled rule that marshaling generally will not apply to funds held by a surety.

One possible rationale, which was not actually offered by the *Moser* court, is that trade creditors may expect marshaling to apply where the debt is secured directly, but not where only the guaranty is secured, in which case, all else equal, the trade creditors would perceive lesser risk of non-payment where the debt is secured directly.

But this is a weak argument for creating an exception such as *Moser* suggests. Once the law is settled on this point, creditors presumably will not hold false expectations on this issue and thereby incorrectly assess risk of nonpayment. Thus, this argument only amounts to an appeal to clarify the law, not decide it one way or the other.

■ In the absence of a persuasive argument for abandoning the general rule that marshaling will not apply to funds in the hands of a surety, the Court finds that the exception to the single debtor rule carved out by *Moser* is not recognized in Illinois. In the context of marshaling, it does not matter whether the funds in question secure a guaranty or directly secure the debtor's note; in either case, the single debtor rule is not satisfied unless another exception recognized by Illinois law applies.

Trustee also argues that the CD should be considered a contribution to the capital of Milbar, and thus should fall under the contribution to capital exception to the single debtor rule.[2]

The Court, however, has already noted that, in general, funds of a guarantor or surety will not be subject to marshaling.

---

1. The *DuPage Lumber* court, applying Illinois law, discussed *Moser,* but did not directly address the holding of *Moser,* finding only that "it is questionable whether Illinois courts would elect to follow *Moser." DuPage Lumber,* 34 B.R. at 744.

2. Some courts, in fact, argue that *Moser,* properly interpreted, is a misguided application of this exception. See, e.g., *DuPage Lumber,* 34 B.R. at 743; *Coors of North Mississippi, Inc.,* 66 B.R. 845, 867 (Bankr.N.D.Miss.1986). The *Moser* court itself suggests it is applying the contribution to capital exception as the court reasons that, by enticing other creditors to lend the debtor more funds, in equity the surety should be considered to be contributing the pledged assets the debtor's capital. *Moser,* 266 N.W.2d at 417.

Trustees' argument, that a guaranty of business debt for the purpose of obtaining working capital should be considered a contribution to capital for the purposes of marshaling, would obliterate this general rule. As a result, individuals likely would be less willing to become sureties, drying up one source of financing for corporations and deterring new corporate enterprise. *Fundex Capital Corp. v. Balaber–Strauss,* 53 B.R. 772 (Bankr. S.D.N.Y.1985); *Stuhley v. United States Small Business Administration,* 12 B.R. 941 (Bankr.C.D.Cal.1981); *West Coast Optical,* 89 B.R. at 201.

Therefore, the Court will not apply the contribution to capital exception to the single debtor rule absent some allegation of inequitable behavior on the part of the holder of the funds in question. As Trustee makes no such allegation, the Court finds the contribution to capital exception does not apply and that Trustee has failed to satisfy the single debtor rule.

Additionally, the Court finds that marshaling should not be applied as it may impose undue prejudice on NBD. Trustee has not disputed that the CD is in the hands of a third party, William Millman, who has no interest in Milbar and is not a debtor or surety of Milbar. It is far from clear that NBD has any claim on the CD, it not being the property of the person who pledged it, Barry Millman. See *Coors,* 66 B.R. at 869. Therefore, if the Trustee is ordered to marshal the CD, NBD may not be able to satisfy its debt without undue hardship. As Trustee fails to show that marshaling will not impose such hardship on NBD, the Court finds that marshaling is inappropriate on this independent ground.

## IV. CONCLUSION

For the foregoing reasons, the November 9, 1995 order of the Bankruptcy Court dismissing the adversary complaint of David R. Herzog, Trustee in Bankruptcy is AFFIRMED.